## Staunton.

NORFOLK AND WESTERN RAILROAD CO. V. CLARK.

SEPTEMBER 19, 1895.

1. APPEAL FROM JUDGMENT OF JUSTICE—*Matter in Controversy—Costs.*—
No appeal lies to the County Court from a judgment of a justice of
the peace for $10 and the costs. Costs are no part of the matter in
controversy. *Sec. 2947 of the Code, as amended by Act of March 1,
1894.*

Argued at Wytheville.    Decided at Staunton.

Error to a judgment rendered by the judge of the Cir-
cuit Court of Pulaski county, in vacation, on the 18th day of
October, 1894, refusing to award a *mandamus* against the
defendant in error.

*Affirmed.*

The opinion states the case.

*Moore & Hull* and *Phlegar & Johnson,* for the plaintiffs
in error.

*J. C. Wysor,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

In this case judgment was rendered by a justice of the
peace for Pulaski county in favor of P. B. Clark against the
Norfolk and Western Railroad Company for ten dollars, the

sum claimed as damages for killing a steer, and costs of judgment, $2.70, consisting of $1 magistrate's fee, $1 witnesses'
fees, and 70 cents constable's fees.   The justice denied an
application for an appeal to the County Court of Pulaski, upon
the ground that the matter in controversy did not exceed ten
dollars.   Thereupon the defendant company presented to the
judge of the Circuit Court of Pulaski a petition praying for a
writ of *mandamus* to compel the justice to grant the appeal.
This petition being refused, a writ of error and *supersedeas*
was awarded to this court.

The sole question presented by the record is whether, under
section 2947 of the Code of Virginia, 1887, as amended March
1, 1894, *costs* are to be included, as forming a part of the
matter in controversy, in computing the sum fixed by the
statute as the limit of appeal to the County Court from the
decision of a justice.   So much of section 2947 as is necessary to be read in considering this question is as follows:

"If a judgment of a justice be for a sum exceeding ten and not
exceeding twenty dollars, exclusive of *interest and costs*, the justice rendering it may stay execution on it forty days from its date.     *     *     *
From any such judgment, the justice rendering it may, within ten days,
on such security being given as he approves for the payment of the same,
and all costs and damages (if it be affirmed), allow an appeal   *   *   *
where the matter in controversy, exclusive of interest, is of greater
amount or value than ten dollars."

In construing a statute we must look for the legislative intent, and, if possible, gather it from the statute itself.   No
one can read this provision of the law without being impressed
with the legislative purpose to afford a summary and speedy
settlement of trifling controversies before justices of the peace.
Delays are avoided by providing that there shall be no stay
of execution and no appeal, unless the judgment is for a sum
greater than the minimum named.

It is provided that if the judgment of the justice is for

a sum exceeding ten and not exceeding twenty dollars, *exclusive of interest and costs*, he may stay execution for forty days. It is clear that no stay of execution is allowed, however large a sum may have been adjudged for costs. The section then reads as follows: " From *any such judgment,*" the justice may grant an appeal, &c.

Giving the words " *such judgment* " the meaning they would seem to derive from the context, the statute, so far as applicable to this case, would read as follows: " From any such judgment, *amounting to ten dollars, exclusive of interest and costs,* the justice may grant an appeal, where the matter in controversy, exclusive of interest, is of greater amount or value than ten dollars.

It is contended that the latter part of the section excludes interest, but not costs, and that costs were intended, therefore, to be included as part of the matter in controversy. It must be observed, however, that the first part of the section excludes both interest and costs. It was unnecessary to repeat the exclusion of either. The repetition added nothing to the force or clearness of the law, and the unnecessary repetition of the exclusion of interest cannot mean that costs are to be included. For costs to be regarded or computed as part of the matter in controversy, the Legislature must so declare in express terms.

Taking this section as a whole, and gathering from its very terms the manifest purpose of the Legislature, already adverted to—that is, to have a summary and speedy conclusion of small controversies before justices—and reading it in the light of the general legislative policy in regard to appeals, we conclude that the reasonable and legitimate construction of the statute is that there can be no appeal from the judgment of a justice, unless the matter in controversy, exclusive of interest and costs, is of greater amount or value than ten dollars.

There is, however, another view that seems to us conclusive of this question. It is insisted that the latter part of section 2947 is to be considered by itself in determining the right of appeal from a justice. This provision is as follows:

" From any such judgment, the justice   *   *   *   may allow an appeal * * * where the matter in controversy, exclusive of interest, is of greater amount or value than ten dollars."

As the matter in controversy, exclusive of interest, must exceed ten dollars, in order to give the right of appeal, the question arises, What is the *matter in controversy ?*

These words have received judicial interpretation by this court. Judge Burks, in *Harman* v. *City of Lynchburg*, 33 Gratt. 38, quotes with approval the following exposition of their meaning by Mr. Justice Field in *Lee* v. *Watson*, 1 Wallace 337: " By ' matter in dispute ' is meant the subject of litigation, the matter for which the suit is brought, and upon which issue is joined, and in relation to which jurors are called, and witnesses examined." It is, however, contended that the numerous decisions of the State and Federal courts, holding costs to be no part of the matter in controversy, are not applicable in determining the right of appeal from a justice, because they relate to the jurisdiction of the courts by which they were pronounced, and in fixing said jurisdiction costs are expressly excluded by statute. It is so manifest, upon principle, and for reasons of public policy, that costs should not be included in determining the right of appeal, that we do not doubt the decisions referred to would have been the same if there had been no statute on the subject. It is contended that the exclusion of costs by statute shows the opinion of the Legislature to have been that costs formed a part of the matter in controversy. You cannot exclude what was never included, and therefore the legislative purpose seems rather to have been to put the question beyond the realm of

controversy, and to emphasize the fact that costs did not form a part of the matter in controversy, and could not be so regarded. The subject of controversy exists before the suit is brought. The suit is the result which follows the existence of a matter of controversy. Costs follow as an incident in the growth or progress of the suit. There can be no costs until the matter in controversy has culminated in a suit, and costs can in no way alter the nature, or change the character, of the matter in controversy. So far as we have had access to authorities, not one has been found holding costs to be any part of the matter in controversy. On the contrary, costs are everywhere regarded as adventitious and merely incidental, and in no way affecting the jurisdiction. As an incident of the controversy, costs are taxed under statutory authority, to pay officers who have rendered services in the case, or for witnesses who have testified.

Under the construction of this statute contended for by the plaintiff in error, that costs are to be treated as part of the matter in controversy, the judgment of a justice could never be final, notwithstanding the plain purpose of the Legislature to make it so, for the reason that, if the litigants saw proper, either side could unnecessarily increase the costs, and thus secure the right of appeal, no matter how small the sum for which the suit was brought. In this way the power and right of the Legislature to regulate the matter of appeals would be defeated, and transferred to the litigants, to be determined as their caprice might dictate.

The Legislature has said that there shall be no appeal from a justice, except when the matter in controversy, exclusive of interest, exceeds ten dollars; and, as we have seen that costs form no part of the matter in controversy, it follows that costs are not to be computed by the justice in determining the right of appeal from his judgment.

For the foregoing reasons we are of opinion that the Cir-

Opinion.

cuit Court properly refused to award the writ of *mandamus* prayed for by the plaintiff in error, and its judgment is therefore affirmed.

*Affirmed.*