# Wytheville.

## RUSSELL v. LOUISVILLE & NASHVILLE RAILROAD CO.

### JULY 2, 1896.

#### Absent, Harrison, J.

1. RAILROADS—*Cattle Guards—Sec. 1262 of Code.*—In an action against a railroad company to recover the penalty imposed by sec. 1262 of the Code for failure to construct cattle guards, the gist of the action is whether or not the points within the plaintiff's enclosed lands at which he requested the defendant to construct the cattle guards were necessary and proper places for them to be constructed within the meaning of the statute, and not whether that section applies to private crossings.

2. PLEADING—*Demurrer—Withdrawal of Pleas in Order to Pass on Demurrer.*—After a demurrer has been overruled and the defendant has pleaded, if the court is satisfied that the demurrer should have been sustained, it should allow the defendant to withdraw his plea, set aside its former order on the demurrer, and enter an order sustaining the demurrer.

3. PLEADING—*Action for Penalties—Debt.*—Actions to recover specific penalties imposed by statute do not sound in damages, and where a statute imposes a penalty no part of which can accrue to the Commonwealth, but provides no particular mode by which the person aggrieved may recover the penalty, the common law action of debt is the proper action. An action on the case does not lie.

Error to a judgment of the Circuit Court of Lee county, rendered June 11, 1895, in an action on the case wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Reversed.*

The opinion states the case.

*Pennington Bros.* and *B. H. Sewell,* for the plaintiff in error.

*Duncan & Hyatt,* for the defendant in error.

CARDWELL, J., delivered the opinion of the court.

This is a writ of error to the judgment of the Circuit Court of Lee county, in an action on the case brought by the plaintiff in error to recover of the defendant in error a penalty by virtue of section 1262 of the Code, and the failure of the defendant in error to comply with the provisions of that section for 170 days, relative to two cattle-guards that plaintiff in error requested should be constructed by the defendant in error at certain designated points within plaintiff in error's enclosed lands. Section 1262 of the Code is as follows:

"It shall be the duty of every railroad company, whose road passes through any enclosed lands in this State, to construct and keep in good order, cattle-guards sufficient to prevent the passage of stock of every kind over such land, at any point where a fence may be necessary or proper, whether it be a division fence between contiguous farms or between different parcels or tracts belonging to the same person, or a fence along a public highway. Such cattle-guards shall be constructed on request of the land owner, in writing, made to any section master or employee of the company having charge or supervision of the road at that point. If the company refuse or fail, for ten days after such request, to construct the cattle-guards at the place designated, the owner having given ten days' notice in writing to such section master or employee, may apply to the County Court of such county for the appointment of three disinterested freeholders, whose duty it shall be to go on the land and determine whether the proposed cattle-guards shall be constructed. Their decision shall be in writing, and shall be forthwith returned to and filed in the Clerk's office of the County Court of such county. If such decision be that the cattle-guard ought to be constructed, the company shall within twenty days thereafter construct the same. Upon its failure so to do, it shall pay the land owner five dollars for every day of such failure."

The defendant demurred to the plaintiff's declaration, and the demurrer was overruled; whereupon the defendant pleaded not guilty, and tendered six pleas in writing, to each of which the plaintiff objected, and the objection was

sustained as to four of them, but overruled as to two, and these two, numbered four and five, were allowed to be filed. Upon the issues joined a third trial was had (there having been two mistrials), at which trial the judge of the Circuit Court, after the plaintiff and defendant had each made an opening statement before the jury, announced to the bar that " at the preceding term, the court held the view that the erection of cattle-guards under sec. 1262 applied to private crossings, but the court was now of opinion that it was in error, and, in order to save time, thought it proper to say to counsel that, under the construction of the law now entertained by the court, the demurrer should have been sustained; but, as the case had passed that stage, the notices, the report of the commissioners, and the orders of the County Court appointing commissioners heretofore read, would in the further progress of the case, be refused."

The notices, report of the commissioners, and the orders of the County Court referred to, were the notices to the section master of the defendant company that the cattle-guards in question were required by the plaintiff to be put in at certain places within his enclosed lands, notice of the plaintiff's application to the County Court, the order of the County Court appointing three disinterested freeholders to go upon the land and determine whether it was necessary and proper that cattle-guards should be constructed by the defendant at the places designated, and the report in writing of the decision of the three freeholders to the County Court. The verdict of the jury was for the defendant.

One of the questions, and the main question presented by the writ of error, therefore, is whether the court erred by this ruling. It is manifest that the ruling was erroneous. Whether or not section 1262 applies to private crossings was not the question involved. It was whether or not the points within the plaintiff's enclosed lands, at which he requested the defendant company to construct the cattle-guards, were

*necessary and proper* places for them to be constructed
within the meaning of the statute; and this question was to
be determined from the evidence adduced by the plaintiff to
show that the cattle-guards were *necessary and proper* to be
constructed at the points designated. If the plaintiff sustain,
by legal proof, the allegations of his declaration, he would
be entitled to recover, in a proper action, the penalty pre-
scribed by the statute for the failure of the defendant to con-
struct the cattle-guards when it became its duty to do so,
and for which his suit was brought, unless the defendant
made good one or more of its defences. Without showing
that the proceedings had been taken that were required of
the plaintiff by section 1262 to establish the fact that the
places at which he requested the cattle-guards to be con-
structed were *necessary and proper* places for them to be
constructed the plaintiff would have been without standing
in court to assert a claim to the penalty prescribed, even
though he had brought a proper action.

The Circuit Court was also in error in considering that
the stage at which the demurrer to the declaration might
have been sustained had passed. The former order of the
court overruling the demurrer might have been set aside
and the demurrer sustained, but not properly, for the rea-
sons stated by the court. The demurrer should have been
sustained at the first hearing of the cause solely upon the
ground that the plaintiff had brought a wrong action.

Where a statute imposes a penalty for the non-perform-
ance of a duty prescribed, no part of which penalty can
accrue to the Commonwealth, and the statute provides no
particular mode by which the person aggrieved may recover
the penalty, the common law action of debt may be main-
tained therefor, and is proper. 3 Bacon's Abr. Title Debt
" A," pp. 83 and 84; 1 Chitty's Pl., 111 and 112, and note
6; 3 Rob. Pr. (new), 382; 4 Minor's Inst., 585.

Section 1262 making no provision for the recovery of the
penalty prescribed, and the case not coming under the pro-

visions of the general statute, section 712 of the Code, in which it is provided that the proceedings to collect fines due in whole or in part to the Commonwealth shall be in the name of the Commonwealth, if the plaintiff be entitled to recover, under the allegations of his declaration, his remedy is by action of debt. The statute declares and fixes a sum certain for each day's failure, after twenty, to construct cattle guards. The recovery in cases like this is not measured by the damages sustained. The verdict does not sound in damages; but is a sum *eo nomine* and *in numero;* otherwise in an action on the case.

The common law action of debt lies whenever the demand is for a sum certain, or is capable of *being readily reduced* to a certainty, and is the appropriate action for the recovery of a statutory penalty, upon the ground of an implied promise which the law annexes to the liability. 1 Chitty's Pl., 108; *Hodges* v. *Wilmington & W. R. Co.,* 105 N. C. 170; and *N. Y. & N. H. R. Co.* v. *Schuyley,* 34 N. Y. 85.

In the case last cited, it was said that " all duties imposed upon a corporation by law raise an implied promise of performance."

In *Sims* v. *Alderson,* 8 Leigh 483, Tucker, J., says "that the action of debt is the peculiarly appropriate action to recover a penalty by statute."

It becomes unnecessary for us to consider the remaining assignments of error contained in the petition for the writ of error, as we are of opinion that the court below erred in overruling the defendant's demurrer to the declaration of the plaintiff, and for this error its judgment must be reversed and annulled, and this court will enter such order in the case as the court below should have entered, sustaining the demurrer, for the reasons stated herein, and dismissing the case, but without prejudice to the plaintiff to institute any proper action that he may be advised, to recover the penalty sought to be recovered by this action.

*Reversed.*