## CIRCUIT COURT OF THE CITY OF RICHMOND

Commonwealth of Virginia,
*ex rel.* Anne Morrow Donley

v.

J. M. Wallace, Clerk,
General District Court
of the City of Richmond

January 13, 1992

Case No. LT 3234–2

BY JUDGE ROBERT L. HARRIS, SR.

Petitioner Commonwealth of Virginia, *ex rel.* Anne Morrow Donley, seeks a writ of mandamus to compel respondent, J. M. Wallace, Clerk of the General District Court for the City of Richmond, to allow Donley to perfect an appeal. Donley seeks to appeal the General District Court's dismissal of her civil warrant against Philip Morris. The civil warrant alleged that Philip Morris violated the Virginia Indoor Clean Air Act, Va. Code § 15.1–291.1 to 15.1–291.11. For the reasons set forth below, the Writ of Mandamus is denied.

On May 16, 1991, Donley filed a warrant in debt against Philip Morris, Inc., in General District Court seeking a $25 civil penalty for violation of the Virginia Indoor Clean Air Act. On August 15, 1991, the General District Court entered judgment in favor of Philip Morris and dismissed the warrant. Donley noted her appeal on August 15, 1991, and attempted to perfect the appeal at that time by tendering the writ tax, costs, and appeal bond in the amount of $50.00. Respondent refused to accept the tendered funds because the amount in controversy was less than $50.00. Donley filed the Petition for Writ of Mandamus on August 28, 1991. Philip Morris was granted leave to intervene in this matter and was made a party defendant on October 27, 1991.

The respondent's refusal to allow perfection of the appeal was premised on Virginia Code § 16.1–106, which provides as follows:

> Section 16.1–106. *Appeals from courts not of record in civil cases.* — From any order entered or judgment rendered in a court not of record in a civil case in which the matter in controversy is of greater value than fifty dollars, exclusive of interest, any attorney's fees contracted for in the instrument, and costs, or when the case involves the constitutionality or validity of a statute of the Commonwealth, or of an ordinance or bylaw of a municipal corporation, or of the enforcement of rights and privileges conferred by the Virginia Freedom of Information Act (Section 2.1–340 et seq.), there shall be an appeal of right, if taken within ten days after such order of judgment, to a court of record. Such appeal shall be to a court of record having jurisdiction within the territory of the court from which the appeal is taken.

As the amount in controversy in the instant case does not exceed $50.00, Donley has no right to appeal the matter to the Circuit Court pursuant to § 16.1–106.

Donley asserts a variety of arguments, all of which are premised on the assertion that she has been denied her constitutional right to trial by jury. She has conceded that the Seventh Amendment to the United States Constitution is inapplicable, as it is not a limitation on the state court's administration of civil law. Article I, Section 11, of the Constitution of Virginia is relied upon by petitioner in support of her argument. That section provides in part:

> That in controversies respecting property, and in suits between man and man, trial by jury is preferable to any other and ought to be held sacred. The General Assembly may limit the number of jurors for civil cases in courts of record to not less than five.

Va. Const., Art. I, § 11 (Repl. Vol. 1987). The Constitution of Virginia preserves the right to a jury trial only in those proceedings in which there was a right to trial by jury when the Constitution was adopted. *Bowman v. Virginia State Entomologist*, 128 Va. 351, 372, 105 S.E. 141, 148 (1920); *Stanardsville Volunteer Fire Co. v. Berry*, 229 Va. 578, 583, 331 S.E.2d 466, 469-470 (1985).

Donley claims that an action pursuant to the Virginia Indoor Clean Air Act is akin to the common law action of debt. She cites the following language of *Russell v. Louisville & Norfolk Railroad Co.*, 93 Va. 322, 326, 25 S.E. 99, 100 (1896), in support of this position:

> Where a statute imposes a penalty for the non-performance of a duty prescribed, no part of which penalty can accrue to the Commonwealth; and the statute provides no particular mode by which the person aggrieved may recover the penalty, the common law action of debt may be maintained therefore, and is proper. (Citation omitted.)

Donley's action was not a common law action of debt, but rather an action based on a recent statutory enactment. The Virginia Indoor Clean Air Act provides for a civil penalty of $25.00. The Act does not designate who shall receive the civil penalty. If the General Assembly had intended private individuals such as Donley to receive the funds collected under the Act, it would have used the term "damages" rather than "civil penalty." The $25.00 civil penalty should be deposited into the general fund of the Commonwealth. The civil penalty does not meet the criterion set forth in *Russell v. Louisville & Norfolk Railroad Co.*, *id.*, to qualify as a common law action in debt, as the aggrieved person is not entitled to recover the funds. Since this is not a common law action in debt, the right to a jury trial is not implied by the Virginia Constitution.

The limitation of the right to appeal controversies involving small sums of money, Virginia Code § 16.1–106, has existed in substance in Virginia since at least 1849. In 1849 there was an appeal of right from a court not of record involving controversies of greater value than $10.00. This sum was increased to $50.00 in 1950.

*Pillow v. Southwest Improvement Company*, 92 Va. 144, 23 S.E. 32 (1895), recites that the test to determine if a right to jury trial exists is whether a right to jury trial existed at the time the constitution at issue was adopted. Since § 16.1–106 was enacted prior to the 1970–71 adoption of the Constitution, under *Pillow, supra*, there is no right to a jury trial in the matter before the court. Donley's constitutional right to a jury trial does not apply to proceedings pursuant to the Virginia Indoor Clean Air Act.

In *Norfolk & W. R. Co. v. Clark*, 92 Va. 118, 22 S.E. 867 (1895), the Supreme Court recited the legislative intent which supported the predecessor statute of Section 16.1–106. "[T]he legislative purpose

[is] to afford a summary and speedy settlement of trifling controversies before justices of the peace. Delays are avoided by providing that there shall be no stay of execution and no appeal unless the judgment is for a sum greater than the minimum named." *Id.* at 867.

Donley claims that the strong public policy behind the Virginia Indoor Clean Air act demands that a Writ of Mandamus be issued. She argues that the Act was passed to promote the health, safety, and welfare of the citizens of Virginia. She concludes that § 16.1–106 should not apply to the Act, as the limitation of appeal rights would contravene the strong public policy justifying the Act.

By denying Donley's ability to appeal, the General District Court has become the court of first and last resort when addressing violations of the act. The right to appeal and the exercise of appellate jurisdiction is statutory. *Covington Virginian v. Woods*, 182 Va. 538, 543, 29 S.E.2d 406, 408-09 (1944). The language of the Act in no way excludes it from the appeal limitation imposed by § 16.1–106. Therefore, the appeal of this matter is precluded by § 16.1–106, and the Petition of Mandamus is denied.