## Case No. 9,158a.
### MARTIN v. CLARK.
[Hempst. 259.] 1

Circuit Court, D. Arkansas. July, 1834.

PLEADING AT LAW—TRESPASS—WARRANT — NEW TRIAL.

1. In trespass, any matter done by virtue of a warrant, must be specially pleaded.

2. A new trial will not be granted, because witnesses did not state facts which the party expected they would state.

Appeal from the Crawford circuit court.

[Action by William Martin against Josiah Clark.]

Before CROSS and LACY, JJ.

CROSS, J. The record in this case presents two questions for consideration: First, whether the court erred in excluding an execution offered in evidence by the defendant; and second, in refusing to grant a new trial.

1. Clark brought an action of trespass against Martin, and the cause was tried on the plea of not guilty. In trespass the rule is, that any matter done by virtue of a warrant or authority, must in general be specially pleaded. Co. Litt. 282b, 283a; 6 Com. Dig. "Pleader," E 17; 1 Salk. 107, 108; Doug. 611; 1 Saund. 298, note 1; 1 Chit. Pl. 538; 13 Johns. 443. The evidence was not admissible under the general issue.

2. The ground stated in the application for a new trial is, that two witnesses summoned by Clark did know, and were fully informed, that the property in controversy had been taken out of the possession of Clark and sold to Martin, and probably delivered to him; and that he, Martin, believed those witnesses would swear the truth in relation thereto; but that on the trial they either forgot the facts, or corruptly and wilfully refused to state them, and therefore that he did not have the benefit of a fair trial. This did not entitle Martin to a new trial, and his motion was rightfully overruled. Sayer, 27; 2 Caines, 129; 3 Johns. 256; 4 Johns. 425; 5 Johns. 259. Judgment affirmed.

---

MARTIN (COLEMAN v.). See Cases Nos. 2,985 and 2,986.

---

## Case No. 9,159.
### MARTIN et al. v. CRISCUOLA.
[10 Blatchf. 211.] 2

Circuit Court, E. D. New York. Oct. 4, 1872.

PRACTICE AT LAW—IN CONFORMITY WITH STATE—SUMMONS IN NAME OF PLAINTIFF'S ATTORNEYS.

The effect of the 5th section of the act of June 1, 1872 (17 Stat. 197), which provides, that the practice, pleadings, and forms and modes of proceeding, in other than equity and admiralty causes, in the circuit and district courts of the United States, shall conform, as near as may be, to the practice, pleadings, and forms and modes of proceeding, existing at the time, in like causes, in the courts of record of the state within which such circuit or district courts are held, is not to authorize the commencement of an action at law in the circuit court by a summons issued in the name of the plaintiff's attorney, according to the mode of commencing actions in the courts of the state of New York.

[Cited in Johnson v. Healy, Case No. 7,389.]

[Action by Francis D. Martin and others against L. Criscuola.]

Goodrich & Wheeler, for plaintiffs.
Beebe, Donohue & Cooke, for defendant.

BENEDICT, District Judge. This motion raises the question, whether the effect of the 5th section of the act of June 1, 1872 (17 Stat. 197), which provides, that the practice, pleadings, and forms and modes of proceeding, in other than equity and admiralty causes, in the circuit and district courts of the United States, shall conform, as near as may be, to the practice, pleadings, and forms and modes of proceeding, existing at the time, in like causes, in the courts of record of the state within which such circuit or district courts are held, is to authorize the commencement of an action at law in this court by a summons issued in the name of the plaintiff's attorney, according to the mode of commencing actions in the courts of the state of New York.

This question, I learn, upon inquiry, has already received the consideration of the circuit judge of this circuit, and he has advised the clerk of the circuit court for the Southern district of New York, that the act referred to does not authorize the commencement of an action at law by such a summons. This action of the circuit judge makes it proper that the practice in this district be made to conform to that directed by the circuit judge, in the Southern district, and, accordingly, the summons served in this action must be set aside, as unauthorized by any law of the United States.