PEASLEE (AUSTIN v.). See Case No. 666.

PEASLEE (CLARK v.). See Case No. 2,831.

PEASLEE (FLORIO v.). See Case No. 4,890.

PEASLEE (FORMAN v.). See Case No. 4,941.

PEASLEE (FOSTER v.). See Case No. 4,979.

PEASLEE (GANT v.). See Case No. 5,212.

## Case No. 10,884.

### PEASLEE v. HABERSTRO.

[15 Blatchf. 472; [1] 8 Reporter, 486.]

Circuit Court, N. D. New York. Jan. 21, 1879.

WRITS—SUMMONS—SEAL OF COURT—CLERK'S SIGNATURE.

1. A summons. in a common law action, in this court. must be signed by the clerk, and be under the seal of the court.

[Cited in Dwight v. Merritt, 4 Fed. 615; U. S. v. Rose, 14 Fed. 682.]

2. Section 911 of the Revised Statutes of the United States, which prescribes that "all writs and processes issuing from the courts of the United States shall be under the seal of the court from which they issue, and shall be signed by the clerk thereof," is not inconsistent with, or repealed by, the subsequent provision, in section 914. that "the practice, pleadings and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the circuit and district courts. shall conform, as near as may be, to the practice, pleadings and forms and modes of proceeding existing at the time in like causes in the courts of record of the state within which such circuit or district courts are held."

[Cited in Dwight v. Merritt, 4 Fed. 615; U. S. v. Rose, 14 Fed. 682; Pentlarge v. Kirby, 20 Fed. 899; Paine v. Warren, 33 Fed. 358; Wolf v. Cook, 40 Fed. 437; U. S. v. Turner, 50 Fed. 735.]

[This was an action at law by Charles A. Peaslee against Joseph L. Haberstro. Heard on motion to set aside the summons.]

William F. Cogswell, for plaintiff.

Tracy C. Becker, for defendant.

WALLACE, Circuit Judge. The motion to set aside the summons in this action must be granted, upon the ground that the summons was not signed by the clerk or under the seal of the court. Section 911 of the Revised Statutes of the United States prescribes, that "all writs and processes issuing from the courts of the United States shall be under the seal of the court from which they issue, and shall be signed by the clerk thereof." This provision is not inconsistent with, and, therefore, is not repealed by, the subsequent act of congress (Act June 1, 1872. § 5; 17 Stat. 197), now embodied in section 914 of the Revised Statutes, which enacts, that "the practice, pleadings and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the circuit and district courts, shall conform, as near as may be, to the practice, pleadings and forms and modes of proceeding existing at the time in like causes in the courts of record of the state within which such circuit or district courts are held." Giving due effect to the later act, the practice, and forms and modes of proceeding, in the courts of the United States, in common law actions, is to conform to, and be regulated by, that of the state courts, when there is no statute of the United States prescribing different practice or forms or modes of procedure. When the

---

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

statutes of the United States are silent, the practice of the state courts will prevail, but, when those statutes speak, they are controlling. If the summons in this case had been signed by the clerk, it could be amended as regards the seal. As it is, there is no summons in the nature of process known to this court. The summons is set aside.

---

PEASLEE (ROSS v.).  See Case No. 12,077.

PEASLEE (WARREN v.).  See Case No. 17,-198.

PEASLEE (YZNAGA v.).  See Case No. 18,-196.

PEAY (SCHENCK v.).  See Cases Nos. 12,-450 and 12,451.

PECHOLIER (LATAPEE v.).  See Case No. 8,101.

---

## Case No. 10,885.

### Ex parte PECK.

[3 Blatchf. 113.] [1]

Circuit Court, S. D. New York.  Dec., 1853.

WITNESS—EXAMINATION BEFORE COMMISSIONER—ATTACHMENT FOR CONTEMPT—GROUNDS.

1. On a motion for an attachment against a witness, for refusing to answer a question put to him on his examination de bene esse, before a United States commissioner, on a subpœna duces tecum, as a witness in a suit pending in another district, under section 30 of the act of September 24, 1789 (1 Stat. 88), it must be shown that the commissioner has jurisdiction in the matter, and that the witness resides more than 100 miles from the place of trial of the action, and that the matter in regard to which the witness refuses to testify is material and relevant to the issue in the case.

[Cited in U. S. v. Tilden, Case No. 16,522; Re Allis, 44 Fed. 217.]

[Cited in Wyatt v. People (Colo. Sup.) 28 Pac. 964.]

2. Where it appears that the subpœna for the attendance of the witness before the commissioner was issued without any preliminary evidence having been given before him showing the case to be one in which a de bene esse examination could be lawfully had, the want of such proof will be a vital objection to the issuing of an attachment.

3. Although, on the trial of a case, a witness may be compelled, by subpœna, to produce, under oath, papers within his control, which are proved to be material to the questions in issue, yet congress has provided a different mode for enabling the parties to a suit to obtain papers which are in the possession of a third person, and it is doubtful whether that object can be legally effected by the de bene esse examination of a witness out of court.

[Cited in U. S. v. Tilden, Case No. 16,522.]

This was a motion for an attachment against Elisha Peck, for an alleged contempt in refusing to answer questions put to him on his examination de bene esse, before a United States commissioner in New York, on a subpœna duces tecum, as a witness in a suit pending in the circuit court of the United States for the district of Connecticut.

---

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

William Fullerton. for the motion.