### DWIGHT and another *v.* MERRITT.

*(Circuit Court, S. D. New York.* ——, 1880.)

1. SUMMONS.—In the United States courts a summons must issue from the court, and be signed by the clerk, and sealed with the seal of the court.

  *Peaslee* v. *Haberstro,* 15 Blatchf. 472.

2. AMENDMENT.—In those courts a summons cannot be amended by the subsequent addition of the signature of the clerk, and the seal of the court.

  *Peaslee* v. *Haberstro, supra.*

Motion to Set Aside Summons.

*Thomas J. Rush,* for plaintiffs.

*Stewart L. Woodford,* Dist. Att'y, for defendant.

BLATCHFORD, C. J. In this case an attempt has been made to commence a suit at common law, in this court, by serving

on the defendant a paper purporting to be a summons, in the form prescribed by the statute of New York for commencing a civil action. It is signed by the plaintiffs' attorney, but is not under the seal of the court, nor is it signed by the clerk of the court. Section 911 of the Revised Statutes of the United States provides that "all writs and processes issuing from the courts of the United States shall be under the seal of the court from which they issue, and shall be signed by the clerk thereof." A summons, or notice to the defendant, for the commencement of a suit, is certainly process, quite as much as a *capius.* or a subpœna to appear and answer is process. The statute intends that all process shall issue from the court, where such process is to be held to be the action of the court, and that the evidence that it issues from the court and is the action of the court shall be the seal of the court and the signature of the clerk. It is clear that a signature by the plaintiffs' attorney, without a seal, and an issuing from the office of such attorney, cannot be substituted. There is nothing in the provisions of section 914 of the Revised Statutes as to the conformity in practice, pleadings, and forms and modes of proceeding in civil causes, other than equity and admiralty causes in the courts of the United States, to the practice, pleadings, and forms and modes of proceeding in like causes in the state courts, which abrogates the provisions of section 911. The two must be so construed as to stand together.

The question here presented was decided by the circuit court for the northern district of New York in *Peaslee* v. *Haberstro,* 15 Blatchf. 472, where it was held that the summons must be signed by the clerk and be under the seal of the court, and that section 911 is not inconsistent with or repealed by section 914. The principle of that decision has been generally adopted in applying section 914 to the practice of the federal courts in suits at common law. That principle is that where congress has, by statute, pointed out a specific course of procedure, or has legislated generally upon the subject-matter embraced or involved in the proceed-

ing sought to be pursued, such legislation must be followed, although opposed to the forms and modes of proceeding prevailing in the state courts, and established by state statutes. *Easton* v. *Hodges*, 7 Biss. 324; *Beardsley* v. *Littell*, 14 Blatchf. 102.

The defendant moves to set aside the summons, because of the foregoing defects, before appearing generally in the suit; and the plaintiffs ask to be allowed to amend the summons, *nunc pro tunc*, by having the seal and signature added. It is alleged that the statute of limitations would be a bar to a new suit. Power to amend the process is said to be given by sections 948 and 954. That power is power to amend a defect in process, and power to amend a want of form in process. But there must first be a process to be amended. There must be something to amend, and to amend by. This paper is no process. The process which can be amended, under the power conferred, is process issuing from the court. This paper never issued from the court. If it had in fact issued from the court and was signed by the clerk, but had no seal, or had a seal but was unsigned, what it had might, perhaps, be accepted as showing that it issued from the court, and the lacking particular might be supplied. In *Peaslee* v. *Haberstro* it is said: "If the summons in this case had been signed by the clerk, it could be amended as regards the seal. As it is, there is no summons in the nature of process known to this court." In that case there was no seal and no signature of the clerk, and the summons was set aside.

The motion of the defendant is granted, and the motion of the plaintiffs is denied.