MIDDLETON PAPER CO. *v.* ROOK RIVER PAPER CO., Defendant, and
another, Garnishee.

*(Circuit Court, W. D. Wisconsin.* January 26, 1884.)

1. FEDERAL COURT PRACTICE—PROCESSES—HOW ISSUED.
    All writs and processes issuing from the courts of the United States shall be
    under the seal of the court from which they issue, and shall be signed by the
    clerk thereof. Those issuing from the supreme court, or a circuit court, shall
    bear *teste* of the chief justice of the United States. Section 911, Rev. St.
2. SAME—GARNISHEE PROCEEDINGS—SUMMONS IN—HOW ISSUED.
    The summons in a garnishee proceeding is "process" within the meaning of
    the statute prescribing the manner in which processes shall issue from the fed-
    eral courts, both the statutes and the decisions of the state courts regarding
    the garnishee proceeding as the commencement of a new suit against the de-
    fendant therein.
3. SAME—SUMMONS ISSUED BY THE ATTORNEY—AMENDMENT.
    A process which has been issued by the attorney when it should have been
    issued by the clerk is no process at all, and cannot be amended as in the case
    of an irregularity. Under such a summons the court gets no jurisdiction of
    the case, and there is nothing to amend.

At Law.

*Tenny & Bashford,* for plaintiff.

*Pease & Rugen,* for defendant and garnishee.

BUNN, J. This action was brought by the plaintiff, a citizen of
Ohio, against the defendant, the Rock River Paper Company, a citi-
zen of Wisconsin, upon an acceptance made by said defendant in
favor of the plaintiff. John Hackett, also a citizen of Wisconsin,
was served with garnishee process, issued and signed by the plaintiff's
attorneys, according to the forms of proceeding in such cases under
the laws of Wisconsin. The defendant's attorneys, appearing for the
garnishee for that special purpose, move the court to set aside the
garnishee proceedings, on the ground that no sufficient process has
been served upon the defendant. Section 911, Rev. St., provides that
"all writs and processes issuing from the courts of the United States
shall be under the seal of the court from which they issue, and shall
be signed by the clerk thereof. Those issuing from the supreme
court or a circuit court shall bear *teste* of the chief justice of the
United States. And rule 20 of the rules for this district provides
that all process shall be issued by the clerk under the seal of the
court, and shall be signed by the clerk issuing the same, and shall
be returnable at Madison or La Crosse, as directed by the party ap-
plying therefor. The garnishee summons in this case, served upon
the defendant in the garnishee proceedings, is in the form prescribed
by the law and practice in the state court, runs in the name of ·the
state, of Wisconsin, has no seal, and is issued and signed by the
plaintiff's attorneys.

The question is whether in view of the foregoing provisions such a
practice can obtain in this court; and it seems quite clear that it

cannot. It is true that section 914, Rev. St., provides that the practice, pleadings, and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the circuit and district courts shall conform as near as may be to the practice, pleadings, and forms and modes of proceeding existing at the time in like causes in the courts of record of the state within which such circuit or district courts are held, any rule of court to the contrary notwithstanding. But it is evident that this provision must receive a reasonable construction in connection with the other provisions above referred to, requiring process to be issued by the clerk of this court under the seal thereof. Under the state law in this state and in New York and some other states, the plaintiff's attorney issues the summons, which is the commencement of a suit. But I believe it has uniformly been held, in view of the provisions of congress, that this cannot be done in the federal courts; and so it has been the uniform practice in this state, so far as our knowledge goes, that the summons, as well as writs of attachment and arrest, are issued by the clerk of this court under the seal of the court, run in the name of the president of the United States, and bear *teste* of the chief justice of the United States. In other respects they are in substance and form as prescribed by the laws of the state.

It is insisted, however, by plaintiff's attorneys, that a garnishee summon is not "process." I am unable to concur in this view. Both the statues and decisions of the state courts regard the garnishee proceedings as the commencement of a new suit against the defendant therein. Section 3766, Rev. St. Wis., provides: "The proceedings against a garnishee shall be deemed an action, by the plaintiff against the garnishee and defendant, as parties defendant, and all the provisions of law relating to proceedings in civil actions at issue, including examination of the parties, amendments, and relief from default, or proceedings taken, and appeals, and all provisions for enforcing judgments, shall be applicable thereto. The statute provides for the formation of an issue and trial, and a personal judgment against the garnishee defendant. He may also be punished for contempt for failing to answer when duly summoned. See, also, *Atchison* v. *Rasalip*, 3 Pin. 288; *Orton* v. *Noonan*, 27 Wis. 572; *Everdell* v. *S. & F. du L. R. Co.* 41 Wis. 395. Although the garnishee proceedings are ancillary and auxiliary to the suit against the original defendant, they are nevertheless properly regarded as constituting a separate action against the garnishee. And the summons served upon him is the "process" by which the court is to get jurisdiction of the action, if it gets it at all. It comes within any definition of process with which the court is acquainted. The summons, notice, writ, or whatever it may be called, by virtue of which a defendant is required to come into court and answer, litigate his rights, and submit to the personal judgment of the court, must be "*process* within the meaning of the law of congress" and the rule of the court, which is to be issued

by the clerk of this court, under the seal of the court and *tested* in the name of the chief justice of the United.States. And this makes the practice in this court consistent and uniform. There would be no consistency in requiring the summons, by which the action is begun, to be issued from the court and allow the garnishee summons to be issued by the attorney. It is no doubt the policy of the law to keep process under the immediate supervision and control of the court.

The plaintiff's counsel ask for leave, in case the practice is held to be irregular, to allow an amendment; and the law of amendments is ample for the purpose, if the defect be curable by amendment. But the difficulty is, there is nothing to amend by. If process, in some respects irregular in form or substance, had been issued, the court could amend it. For instance, if the clerk had issued the summons and failed to seal it, the court could order it sealed. But no process, regular or irregular, has been issued by the proper authority. Hence it is that the court gets no jurisdiction of the case, and there is nothing to amend by.

The motion must therefore be allowed, and the garnishee proceedings set aside.

See *Peaslee* v. *Haberstro,* 15 Blatchf. 472; *Dwight* v. *Merritt,* 4 FED. REP. 614; *Ins. Co.* v. *Hallock,* 6 Wall. 556; *Republic Ins. Co.* v. *Williams,* 3 Biss. 372; *Manville* v. *Battle M. S. Co.* 17 FED. REP. 126; Field, Fed. Pr. 176, 181, 427, note 1.