## CHAMBERLAIN v. MENSING.

*(Circuit Court, D. South Carolina. August 25, 1891.)*

SUMMONS—FORM IN FEDERAL COURTS—CONFORMING TO STATE PRACTICE.

Rev. St. U. S. § 914, requires the courts of the United States, in civil cases at law, to conform as near as may be to the practice, pleadings, and form and modes of proceeding existing in the courts of the state within which such courts are held. Const. S. C. art. 4, § 31, provides that all "processes" shall run in the name of the state of South Carolina. *Held*, that the courts of South Carolina having decided that a summons is not a "process" within its constitution, and that therefore it need not be in the name of the state, a summons issued in South Carolina by the circuit court of the United States need not be in the name of the United States, in order to conform to the procedure of that state.

At Law. Action by Daniel H. Chamberlain against Henry C. Mensing. On motion to set aside summons.

*Northrop & Memminger*, for motion.

*Mitchell & Smith*, opposed.

SIMONTON, J. The body of the summons in this case is in the form in use in the state court. It is entitled in this court, contains the name of the case, and is addressed to the defendant. Besides this, and in accordance with our practice, it bears the seal of this court, the signature of its clerk, and the teste of the chief justice. The defendant now moves to set aside the summons. This is his position: Admitting that in the practice in South Carolina the summons does not issue from the court, and is merely notice by the plaintiff to the defendant that an action has been commenced, which he can defend or not as he may think proper, and is therefore not process, and does not require the seal of the court, (*Genobles* v. *West*, 23 S. C. 154,) yet the rule of this court (111) and the statutes of the United States (Rev. St. § 911) require the summons to bear the seal of the court, properly tested, and makes it process of the court. Inasmuch, therefore, as the constitution[1] of the state of South Carolina requires all process to be in the name of the state, the sovereign, so the summons, having thus become process in the United States court, must be in the name of its sovereign the United States. No form of process is provided for the courts of the United States by any act of congress now of force. Nor is it a principle of law that process must be in the name of the sovereign, in the absence of any provision by constitution or statute to that effect. Section 914 of the Revised Statutes requires the courts of the United States, in civil cases at law, to conform as near as may be to the practice, pleadings, and form and modes of proceeding existing in the courts of the state within which these courts are held. This rule is imperative. *Amy* v. *Watertown*, 130 U. S. 304, 9 Sup. Ct. Rep. 530. Section 911 adds the further provision that all writs and processes issuing out of the courts of the United States must be under the seal of the court, signed by the clerk, and tested by the chief justice if in the circuit court. There is no other provision. Now, is this practice in this court also modified by the constitution of South Carolina? That instrument requires all process from its courts to be in the name of the state. Its courts hold, as we have seen, that the summons is not within the constitutional requisite. No provision of law in the state of South Carolina, constitutional or statutory, can control the practice of this court, except so far, and so far only, as it controls the practice, pleadings, form, and mode of proceedings in the state court, which we must follow. As no law or practice, form, or mode of proceeding in the state court requires that the summons shall be in the name of the state, there can be no reason that in this court it should be in the name of the United States. The motion is dismissed.

[1] Const. S. C. art. 4, § 31, provides that all "processes" shall run in the name of the state of South Carolina.