### UNITED STATES v. TURNER et al.

*(District Court, D. South Carolina, W. D.  February 20, 1892.)*

1. SUFFICIENCY OF SUMMONS—ACTION ON DISTILLER'S BOND.
   In an action on a distiller's bond for the performance of certain duties, to recover for breach of some of its conditions, a summons which gives notice that, in case of default, plaintiff will pray judgment for the relief demanded in the complaint, is in good form.

2. SAME—AMENDMENT.
   A summons issued out of the district court, and bearing the seal of the district court, but the teste of the chief justice, instead of the district judge, as required by Rev. St. § 911, is defective in the latter particular, but is not a void process and is amendable.  Rev. St. § 954.

At Law.  Motions in arrest of judgment.

*Abial Lathrop*, U. S. Atty.

*M. F. Ansel*, for defendant.

SIMONTON, District Judge.  This action was on a bond given by Turner, with Peek and Hughes as sureties.  Summons and complaint were issued against them jointly, and judgment was had by default; the court hearing the cause and ordering judgment.  Subsequently, Hughes, coming in by counsel, without objection, moved for a new trial.  The motion was refused.  The case now comes up on motion in arrest of judgment by each surety severally.  The grounds of the motion are the same in each case, that the original summons issuing out of the district court bore the teste of the chief justice, and not of the district judge, and that the summons gives notice that, in case of default, plaintiff will pray judgment for the relief demanded in the complaint; and the complaint demands judgment for a sum of money certain.

The last ground will be disposed of.  Under the rule of court in force at the date of this summons, when the complaint is on a liquidated demand, the summons should state that, in case of default, judgment would be asked for the sum liquidated.  In all other cases the notice in the summons should be that, in case of default, judgment would be asked for the relief demanded in the complaint.  In this case the action was on a distiller's bond for the performance of certain duties.  It was not on the penalty, but for the nonperformance of some of the conditions, of the bond.  The demand was not liquidated, and the form of notice in the summons was correct.  The complaint set out the parts of the condition which were broken, and the money penalty for each, and properly asked judgment for the aggregate.  This ground for arrest of judgment is overruled.

The more serious ground is the one first stated.  The act of 1792 (Rev. St. § 911) requires all process issuing from the district court to bear the teste of the district judge, or, when that office is vacant, of the clerk thereof.  Our rule requires every summons, execution, or other process to conform to this section.  This renders unnecessary any discussion of the question whether in this district the summons is process. It is not process in the state courts.  The summons in this case bears

the teste of the chief justice. It is defective. Is this fatal? Section 954, Rev. St., provides that "no summons, writ, etc., in civil cases, in any court of the United States, shall be abated, arrested, quashed, or reversed for any defect or want of form." Judge CHOATE, in *Brown* v. *Pond*, 5 Fed. Rep., at page 40, says that this power of amendment can only be exercised in cases where the court has acquired jurisdiction over the defendant, or he has submitted himself to the jurisdiction; or, as Judge BLATCHFORD puts it in *Dwight* v. *Merritt*, 4 Fed. Rep. 614, the power is power to amend a defect in process. But there must first be a process to be amended,—something to amend and to amend by. The summons in this case bears the seal of the district court, and issued from the court. This gives us something to amend and to amend by. *Peaslee* v. *Haberstro*, 15 Blatchf. 472. See, also, *Chamberlain* v. *Bittersohn*, 48 Fed. Rep. 42. This being the case, the irregularity can be amended, as the summons was sufficient to bring the defendant into court. Indeed, there can be no question as to Hughes; for when he came in by attorney, and moved for a new trial, he submitted himself to the jurisdiction. The motions in arrest of judgment are refused.