## Staunton.

RICHMOND CITY & SEVEN PINES RAILWAY CO. V. JOHNSON.

SEPTEMBER 13th, 1894.

COMMON LAW PRACTICE—*Nil debet—Payment.*—Under plea of *nil debet* defendant cannot introduce evidence of payment or setoff, unless such payment or setoff be so plainly and particularly described in an account filed therewith, as to give plaintiff notice of its nature.

Argued at Richmond.    Decided at Staunton.

Error to judgment of circuit court of the city of Richmond, rendered December 2, 1891, in an action of debt wherein A. L. Johnson, defendant in error here, was plaintiff, and the Richmond City and Seven Pines Railway Company was defendant. Opinion states the case.

*F. M. Conner* and *Benj. H. Nash,* for plaintiff in error.

*W. C. Preston* and *Meredith & Cocke,* for defendant in error.

LEWIS, P., delivered the opinion of the court.

This was an action of debt on a written order drawn by one Child on the defendant company, payable to the plaintiff, for two thousand dollars, and accepted by the company.    The plea was *nil debet,* and there was a verdict and judgment for the plaintiff.

The single question in the case is as to the exclusion at the

trial of certain evidence offered by the defendant. It appears that the company contracted with Child to build its road from a point within the city of Richmond to its eastern terminus, about seven miles outside of the city. Child sub-let the work to Thos. Barry & Co., and employed the plaintiff, a civil engineer, to locate the road and to supervise its construction.

At the trial the defendant offered evidence to prove that the order was given and accepted to pay for work done by Barry & Co., and that the defendant afterwards paid Barry & Co. for the work. But the evidence was excluded; to which ruling the defendant excepted.

It is contended that the evidence ought to have been admitted, because, under the plea of *nil debet*, payment or any other defence is admissible that tends to deny an existing debt; and this is undoubtedly so at common law. 4 Min. Insts., 641; *Va. Fire & Marine Ins. Co.* v. *Buck & Newson*, 88 Va., 517. But this rule, so far as respects the defence of payment, has been modified in Virginia by statute.

In 1705 it was enacted by the general assembly that " when any suit shall be commenced and prosecuted in any court within this colony for any debt due by judgment, bond, bill or otherwise, the defendant shall have liberty upon tryall thereof to make all the discounts he can against such debt, and upon proof thereof the same shall be allowed in court." 3 Hen. St., 378. Under this act it was the practice to allow off-sets to be given in evidence under the plea of *nil debet* or *non assumpsit*, and this without previous notice. 5 Rob. Pr., 1000; 2 Tuck. Comm., 108. But at the revisal of 1819 a change was made, in regard to both payment and off-sets, by enacting that " in every action in which a defendant shall desire to prove any payment or set-off, he shall file with his plea an account, stating distinctly the nature of such payment or set-off, and the several items thereof; and on failure to do so, he shall not be entitled to prove before the jury such payment or set-off, unless the same be so plainly and particularly de-

scribed in the plea as to give the plaintiff full notice of the character thereof." 1 R. C. (1819), p. 510.

Under this statute it was held in *Johnson* v. *Jennings*, 10 Gratt., 1, that in the absence of such an account as the statute contemplated, evidence was not admissible to prove a specific payment under the plea of *non assumpsit;* and the statute, as it now stands in the Code, is, in this respect, substantially the same as it was in the Revised Code of 1819. It enacts that "in a suit for any debt, the defendant may at the trial prove and have allowed against such debt any payment or set-off which is so described in his plea, or in an account filed therewith, as to give the plaintiff notice of its nature, but not otherwise." Code (1887), sec. 3298.

It will thus be seen that, as respects notice, the statute, as was said by Moncure, P., in *Allen* v. *Hart*, 18 Gratt., 722, 734, puts payment and set-off on the same footing; so that to entitle the defendant to prove payment under the plea of *nil debet*, he must file with his plea such a descriptive account as section 3298 requires. 1 Bart. Law Pr. (2d ed.), 492, 498.

This requirement not having been complied with in the present case, the evidence in question was rightly excluded; and as there is nothing in the record to warrant a new trial on the ground that the verdict was contrary to the evidence, it follows that the judgment must be affirmed.

Judgment affirmed.