LEAS & McVITTY v. MERRIMAN.

(Circuit Court, W. D. Virginia.  September 22, 1904.)

1. PROCESS—COMMENCEMENT OF ACTION BY NOTICE—CONFORMITY TO STATE
PRACTICE.

Rev. St. § 911 [U. S. Comp. St. 1901, p. 683], which provides that "all writs and processes issuing from the courts of the United States shall be under the seal of the court from which they issue and shall be signed by the clerk thereof," does not apply to a notice given under Code Va. 1887, § 3211, authorizing a judgment on a contract to be obtained on motion after 15 days' notice to defendant, and the practice thereunder, which is for the plaintiff or his attorney to sign the notice and serve the same on defendant, such a notice not being a "process issuing from the court"; and under the conformity act (Rev. St. § 914 [U. S. Comp. St. 1901, p. 684]) an action may be instituted by such a notice in a federal court in Virginia in accordance with the state practice.

At Law.  On motion to dismiss.

Scott & Buchanan and H. B. Gill, for plaintiff.

Robertson, Hall & Woods, for defendant.

McDOWELL, District Judge.  By section 3211 of the Code of Virginia of 1887, it is provided that any person entitled to recover money by action on any contract may, on motion, obtain judgment after 15 days' notice to the defendant.  The method of giving the notice under this statute is not prescribed, and it has always been the practice for the plaintiff's counsel (and sometimes for the plaintiff himself) to draft and sign a rather informal document whereby the defendant is apprised that the plaintiff will, on a specified day, move the designated court for judgment, and then follows a statement of the contract on which the motion will be founded.  A copy of this notice is served on the defendant.  In the case at bar such a notice as is above described was served on the defendant, advising him that plaintiffs—who are described as residents of Pennsylvania—would, on a certain day of this term, move this court for judgment on certain promissory notes, on which the defendant (a citizen of this state) is an indorser.  This notice was written and signed by counsel for plaintiff, and was not under the seal of the court, and was not signed by the clerk.  Upon the calling of the case the defendant's counsel moved that the motion be dismissed on the ground that the notice was not under the seal of the court and not signed by the clerk of the court.  The argument is based on section 911, Rev. St. [U. S. Comp. St. 1901, p. 683]:

"All writs and processes issuing from the courts of the United States shall be under the seal of the court from which they issue, and shall be signed by the clerk thereof.  Those issuing from * * * a Circuit Court shall bear teste of the Chief Justice. * * *"

The question thus raised is in this state of much practical importance. Not only are there many such motion cases, but by section 2732 of the Code of Virginia of 1887 actions of ejectment may be instituted only

¶ 1. Conformity of practice in common-law actions to that of state courts, see notes to O'Connell v. Reed, 5 C. C. A. 594; Nederland Life Ins. Co. v. Hall, 27 C. C. A. 392.

by a notice given the defendant, to which is attached a copy of the declaration, advising him when and where the declaration will be filed. The practice under this statute has always been that the plaintiff's attorney prepares, signs, and has served the notice, whether the action is brought in the state courts or in the federal courts in this state. There is no rule of this court bearing on the question. Were it not for some decisions to be adverted to later I should feel justified in overruling this motion without discussing the question. The language used in section 911, Rev. St., seems to me to show clearly that it has no relation to such a case as is here presented. However, because of the decisions above mentioned, it is perhaps advisable to enter upon a discussion of the question.

In Shepard v. Adams, 168 U. S. 624, 18 Sup. Ct. 214, 216, 42 L. Ed. 602, the question before the court was whether a summons must conform to a recent state statute, or to an older and unrepealed rule of the federal court, and it was held that compliance with the rule would be sufficient. In the opinion it is said:

"The state code of Colorado provides that civil actions shall be commenced by the issuing of a summons or the filing of a complaint; that the summons may be issued by the clerk of the court or by the plaintiff's attorney. It may be signed by the plaintiff's attorney. It may be served by a private person not a party to the suit. All writs and processes issuing from a federal court must be under the seal of the court, and signed by the clerk, and bear teste of the judge of the court from which they issue. Section 911, Rev. St. The processes and writs must be served by the marshal or by his regularly appointed deputies. Sections 787, 788, Rev. St. [U. S. Comp. St. 1901, p. 608]."

In Peaslee v. Haberstro, 15 Blatchf. 472, Fed. Cas. No. 10,884, the summons was set aside because not under seal of court or signature of clerk. The New York statute allowed a summons to be issued by plaintiff's attorney. Referring to sections 911, 914, Rev. St. [U. S. Comp. St. 1901, pp. 683, 684], it is said:

"When the statutes of the United States are silent, the practice of the state courts will prevail; but when those statutes speak they are controlling."

In Dwight v. Merritt (C. C.) 4 Fed. 614, where the statute of New York allowed summons to be issued by the plaintiff's attorney, it was held that an action at law in the United States Circuit Court of New York could not be commenced except by summons issued by the clerk of the United States court, under seal, etc.

In Middleton Paper Co. v. Rock River Paper Co. (C. C.) 19 Fed. 252, the state statute of Wisconsin provided for garnishee process to be issued by plaintiff's attorney. It was held that in the federal court of that state this paper must be issued by the clerk of the court under his hand and the seal of the court.

Chamberlain v. Mensing (C. C.) 47 Fed. 435, 436, and U. S. v. Turner (D. C.) 50 Fed. 734, are opinions by the late Judge Simonton, of this circuit. In the South Carolina state practice a summons is held to be merely a notice by the plaintiff to the defendant, and not a "process." In the state courts it is not issued by the clerk, and is not sealed. These opinions show that there is a rule of the federal courts in South Carolina that summons is to be issued by the clerk under the seal of the court. The point we have under discussion was not before

Judge Simonton. These cases may create the impression that he was of opinion that section 911, Rev. St., would apply to a summons in the federal court in South Carolina, even without any rule of court; but even this is far from clear.

In Ins. Co. v. Hallock, 6 Wall. 556–558, 18 L. Ed. 948, it is said:

"The authorities are uniform that all process issuing from a court which by law authenticates such process with its seal is void if issued without a seal. Counsel for plaintiffs in error have not cited a single case to the contrary, nor have our own researches discovered one."

What is said in the quotation from Shepard v. Adams, 168 U. S. 624, 18 Sup. Ct. 214, 42 L. Ed. 602, has only an indirect bearing on this case, and was said obiter in that case. The question now before us was not before the Supreme Court. The cases of Peaslee v. Haberstro, Dwight v. Merritt, and Middleton Co. v. Rock River Co., supra, are, I think, not exactly in point. And, in any event, they are not controlling on this court, and, even if persuasive, they do not relieve me. of the duty of reaching an independent conclusion. In the first two cases the paper in question was a summons issued by the plaintiff's attorney under the authority of the New York statute, and in the last case it was a "garnishee process" issued by the attorney in accordance with the Wisconsin law. In New York and Wisconsin the statutes allow the attorney for the plaintiff (who is an officer of the court, of course) to issue what is in form and effect an order to appear and defend. Under these circumstances there is reason in holding that the summons and the garnishee process are true processes, and there is somewhat greater reason for holding that in the federal courts in those states such papers must be issued by the clerk of the federal court and under the court seal than in this state, where the paper in question is a mere notice, issued in theory by the plaintiff himself, and in no sense a process or command of a court. It is further to be noted as to the Wisconsin case that the rules of that federal court required that all processes shall issue as is required by section 911, Rev. St.

I have reached the conclusion that section 911 does not apply here, and for the following reasons:

(1) On its face this statute applies only to writs and processes issuing from the federal courts. In no sense do the notices we have under consideration "issue" from the court. The ground for the motion by defendant in the case at bar is highly technical, and could properly be met by a somewhat technical reason for overruling it. But I am not satisfied that this reason is only technical. If the language of this statute can be rightly held to apply to the notices here in question, it could also be held to apply to all the various notices given in the course of litigation in the federal courts. The statute is, most properly, not confined to documents which are used merely to institute a litigation.

(2) I think section 911, Rev. St. [U. S. Comp. St. 1901, p. 683], means no more than that when a writ or process issues from a federal court it must be signed by the clerk, and shall be authenticated in the manner therein set out. It is not an ordinance to the effect that no action or proceeding in a federal court shall be instituted except by the issue of process, signed by the clerk, duly sealed, etc.

(3) Notices in ejectment under section 2732, Code Va. 1887, and

notices of motion ·for judgment under section 3211 are not, as it seems to me, "processes." To my mind, the word "process," as used in Rev. St. § 911, means an order of court, although it may be issued by the clerk. The summons in a common-law action, which is, I think, a "process," in the name of the court commands the sheriff or marshal to summon the defendant, etc. Johnston's Forms, p. 1. The writs of scire facias, fieri facias, habeas corpus, subpœnas for witnesses, subpœnas duces tecum, writs of certiorari, supersedeas, attachments, and of venire facias are all commands or orders of court that something be done. In equity the writ of subpœna, and in criminal cases the bench warrant, command that something be done. Now, the notices under the Code are in no sense commands or orders of court. They are mere notices that the plaintiff will on some specified rule day file the declaration, or make a motion in court.· They sometimes are, and may always be, prepared, signed, and issued by ·the plaintiff in person. No rule of practice requires that an attorney shall sign or issue them. They do, it is true, subserve the purposes of processes. But they are not technically processes, and are not necessarily embraced within that term as used in section 911.

In several of the states a summons in an action may be issued by the plaintiff's attorney. See 19 Am. & Eng. Ency. (1st Ed.) p. 222, notes, and cases cited supra. And in at least the majority of such states it is held that a summons is not a process. This conclusion is based on the fact that in such states the summons is not issued by the court, and is not an order of court. If such reasoning have any soundness, it applies much more forcibly to the notices we are considering.

In Whitney v. Blackburn, 17 Or. 564, 21 Pac. 874, 11 Am. St. Rep. 857, it is said:

"Properly speaking, a summons is only a process when issued from the office of a court of justice requiring the person to whom it is addressed to attend the court for the purpose therein stated. Under our Code the summons is a process to commence a civil action. But technically such a summons is not a 'process,' but is more in the nature of a mere notice informing the defendant that an action has been commenced against him, and that he is required to answer the complaint therein within a specified time. In view of this distinction, such notice cannot be considered process in the sense in which that word is used in the books."

(4) If we read into section 911, Rev. St., a requirement that notices in ejectment and of motions for judgment are to be treated as processes to be issued by the clerk under seal, we have created a repugnance between sections 911 and 914, Rev. St. This is to be avoided. If one of two reasonable readings of the statute law creates, and the other avoids, a repugnance, the latter should be adopted.

(5) While the language above quoted from Shepard v. Adams, 168 U. S. 618, 624, 18 Sup. Ct. 214, 216, 42 L. Ed. 602, seems prima facie to indicate that a paper serving the purpose of process from the federal court must always conform to section 911, Rev. St., still the entire opinion is somewhat in confirmation of the opposite conclusion. It seems to give much weight to section 914, Rev. St., and the inference is that, where there is no rule of the federal court on the subject, a state statute authorizing a summons to be issued by plaintiff's attorney would

control in the federal court. The prototype of section 911 was enacted in 1789 (Act Sept. 29, 1789, c. 21; 1 Stat. 93. See, also, Act May 8, 1792, c. 36; 1 Stat. 276); the conformity act (section 914) at a much later date (Act June 1, 1872, c. 255, 17 Stat. 197). The purpose of this later statute was to secure conformity in civil law causes, subject to a reasonable discretion in the federal courts, in matters of practice, pleading, and "forms and modes of proceeding." Where the state statute authorizes the plaintiff or the plaintiff's attorney to issue not a summons, but a notice, as a method of instituting a litigation, reasonably full effect is denied the conformity statute if we hark back to act of 1789 for authority for saying that such state statute does not govern in common-law civil causes in the federal courts of such state, in the absence of any rule of court on the subject.

The motion of defendant is overruled.