## In re CONDEMNATION SUITS BY UNITED STATES.

(District Court, E. D. Tennessee, N. E. D.   March 30, 1916.)

1. EMINENT DOMAIN ☜181—PROCEEDINGS—PROCESS—VALIDITY.

In condemning land under Weeks Law March 1, 1911, the United States proceeded under Act Aug. 1, 1888, c. 728, 25 Stat. 357, providing that condemnation under judicial process may be had in the District Courts of the district wherein such real estate is located, and in section 2 that the practice, pleadings, forms, and modes of proceedings shall conform, as near as may be, to the practice, pleadings, forms, and proceedings in the state courts.   The Tennessee statutes, in which state the land was located, provide for the commencement of condemnation proceedings by mere service of notice and publication as to nonresidents.   Rev. St. U. S. § 911 (Comp. St. 1913, § 1534), provides that all writs and process issued from the courts of the United States shall be under the seal of the court from which they issue and shall be signed by the clerk thereof.   *Held,* that section 911 applies only to writs and process issuing from the courts themselves, and not to notices given by the parties, which are not process of the courts; hence, as condemnation proceedings may be instituted upon mere notice, such proceedings are valid, though the notices are not under seal of the court and signed by the clerk.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 488, 490–492;   Dec. Dig. ☜181.]

2. EMINENT DOMAIN ☜166—CONDEMNATION—NATURE OF PROCEEDINGS.

Condemnation proceedings are essentially proceedings in rem.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 448–450, 456;   Dec. Dig. ☜166.]

3. EMINENT DOMAIN ☜181—PROCEEDINGS—PROCESS.

In condemnation proceedings, it is only essential that the owner of the land have notice of the proceedings and an opportunity to appear and protect his rights.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 488, 490–492;   Dec. Dig. ☜181.]

4. EMINENT DOMAIN ☜181—PROCEEDINGS—PROCESS.

Where notice of condemnation has been given, the owners are bound to take cognizance of all subsequent steps without notice.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 488, 490–492;   Dec. Dig. ☜181.]

5. EMINENT DOMAIN ☜181—PROCEEDINGS—PROCESS.

Notice of condemnation proceedings is sufficient, in the absence of statutory requirements, where it contains the material facts of which the landowner is entitled to notice and is in substantial conformity with the petition.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 488, 490–492;   Dec. Dig. ☜181.]

6. EMINENT DOMAIN ☜181—PROCEEDINGS—PROCESS.

Where the statute is silent as to who shall give notice of condemnation, it may be given by the party instituting the proceedings.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 488, 490–492;   Dec. Dig. ☜181.]

7. EMINENT DOMAIN ☜182—PROCEEDINGS—PROCESS.

Personal notice of condemnation proceedings is not a constitutional prerequisite to its validity, but the Legislature can provide for constructive notice by publication.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 493–496;   Dec. Dig. ☜182.]

In the matter of condemnation suits by the United States. Process held valid.

Lewis M. Coleman, U. S. Atty., of Chattanooga, Tenn.

St. John & Gore, of Bristol, Tenn., for claimants.

SANFORD, District Judge. In several proceedings instituted by the United States and now pending in this court for condemnation of lands under the provisions of the Weeks Law of March 1, 1911, c. 186, 36 Stat. 961 (Comp. St. 1913, §§ 5174–5187), the United States Attorney and various counsel representing claimants to the land have informally requested the opinion of the court as to the validity of the proceedings, arising out of a doubt which has been suggested as to the jurisdiction of the court by reason of the fact that no summons have been issued and served upon the owners of the land, but they have been brought before the court, if at all, by mere service of notice and publication as to nonresidents, in accordance with the provisions of the general statutes of Tennessee in reference to condemnation proceedings.

[1] The Act of August 1, 1888, c. 728, 25 St. 357, authorizing the condemnation of land by the United States for public uses, by condemnation under judicial process in proceedings in the Circuit or District Courts of the district wherein such real estate is located, provided, in section 2, that:

"The practice, pleadings, forms and modes of proceeding in causes arising under the provisions of this act shall conform, as near as may be, to the practice, pleadings, forms and proceedings existing at the time in like causes in the courts of record of the State within which such Circuit or District Courts are held, any rule of the court to the contrary notwithstanding."

This provision as to conformity to the State practice is, it is to be noted, in substantially the same terms as the provisions of the general conformity statute, embodied in section 914 of the Revised Statutes (Comp. St. 1913, § 1537).

The general statute of Tennessee in reference to the condemnation of land for railroads and other works of internal improvement, provide that the party seeking to appropriate such land shall file a petition therefor in the circuit court of the county in which the land lies (Tenn. Code 1858, § 1326; Shan. § 1845); that notice of this petition shall be given to the owner of the land, or, if a nonresident of the county, to his agent, at least five days before its presentation (Code 1858, § 1327; Shan. § 1846); that if the owner is a nonresident of the state or unknown, notice shall be given by publication, as provided in the Code in similar cases in chancery (Code, § 1328; Shan. § 1847); and that "all parties having any interest in any way in such land may be made defendants, and the proceedings will only cover and affect the interest of those who are actually made parties" (Code, § 1329; Shan. § 1848). This statute makes no provision for bringing the owners of the land before the court in any other way than by notice and publication, as above set forth, and does not provide for the issuance of process against them in the ordinary sense, such proceedings being under the State law an exception, by necessary inference, to the gen-

eral statutory provision that all civil actions at law in courts of record, except as otherwise provided, shall be commenced by summons. Tenn. Code, § 2813; Shan. § 4518. Thus in Camp v. Railroad, 11 Lea (Tenn.) 705, 706, it was held that condemnation proceedings based alone upon the statutory notice, without summons, were valid, and that the general Code provisions as to pleadings in actions at law did not apply to such statutory proceedings.

The doubt which has been suggested as to the validity of these proceedings arises from the fact that section 911 of the Revised Statutes (Comp. St. 1913, § 1534) provides that "all writs and process issued from the courts of the United States shall be under the seal of the court from which they issue, and shall be signed by the clerk thereof"; the suggestion being that under this provision these proceedings should have been commenced by summons to the owners of the land, issued under the seal of the court and signed by the clerk.

I think it entirely clear, both upon principle and under the authorities, that in any original suit in a Federal court which must be commenced by a summons or other process of the court itself, such process must be signed by the clerk and issued under the seal of the court, to be valid, regardless of any different provision as to the form of a summons in the State courts, the general conformity statute not operating to waive this specific requirement as to the process in the Federal courts embodied in section 911 of the Revised Statutes. Martin v. Criscuola, 10 Blatchf. 211, 16 Fed. Cas. 892; Peaslee v. Haberstro, 15 Blatchf. 472, 19 Fed. Cas. 71; Dwight v. Merritt (C. C.) 4 Fed. 614, 615; Middleton Paper Co. v. Paper Co. (C. C.) 19 Fed. 252, 253.

After careful consideration, however, I conclude that the provisions of section 911 only apply to writs and process issuing from the courts themselves, and not to notices given by the parties, which are not process of the court and not embraced within its terms, and hence that in any proceeding which may properly be instituted and proceeded with upon mere notice to the parties in interest, without process from the court itself, the requirements of section 911 have no application. This is in accordance with the principle of Leas v. Merriman (C. C.) 132 Fed. 510, in which it was held that the provisions of sec. 911 did not apply to a notice given under the Virginia Code authorizing a judgment on a contract to be obtained on motion after notice to the defendant and the practice thereunder by which notice was served on the defendant by the plaintiff or his attorney, such notice not being a process from the court, and that under the general conformity statute an action might be instituted by such notice in the Federal court in Virginia in accordance with the State practice.

[2-7] Without determining to what extent the process of the court in the strict sense can be dispensed with in ordinary civil actions in which a personal judgment is sought against the defendant, I am of opinion, after careful consideration, that such process is not essential in condemnation suits instituted in pursuance of the delegated authority of the State under its power of eminent domain. Such condemnation proceedings are generally recognized as being essentially proceedings in rem. 15 Cyc. 805. It is also generally recognized that

in such proceedings it is only essential that the owner of the land have notice of the proceedings and an opportunity to appear and protect his rights (15 Cyc. 841); that where notice has been properly given, the owners are bound to take cognizance of all acts or steps thereafter taken in the proceedings and are not usually entitled to any further notice (15 Cyc. 843); that the form of the notice, when not prescribed by statute, is not essential, provided it contains the material facts of which the land owner is entitled to notice, and there is a substantial conformity between the notice and the petition for condemnation (15 Cyc. 845); that where the statute is silent as to who shall give the notice, it may be given by the party instituting the proceedings (15 Cyc. 847); and that personal notice to the owner is not a constitutional prerequisite to the validity of condemnation proceedings, but the legislature may provide for constructive notice by publication (15 Cyc. 847).

In the light of these well settled general rules, I am of opinion that it is not essential to the validity of condemnation proceedings of this character that the owners of the land be brought before the court by summons or other process issued from the court itself, but that it is sufficient if the proceedings be instituted by petition in conformity to the State statute, after the giving of notice to the land owners by actual service of notice or publication as provided by the State statute; and that, such notice not being the process of the court, the requirements of section 911 of the Revised Statutes hence have no application. I therefore conclude that the validity of these proceedings is not affected by the fact that they were not commenced by summons or other process of the court issued under the seal of the court and signed by the clerk, in accordance with section 911 of the Revised Statutes.