## ELEY v. GAMBLE and ten other cases.

### Nos. 3767–3775, 3794, 3795.

Circuit Court of Appeals, Fourth Circuit.
Jan. 31, 1935.

172

William G. Maupin and James E. Heath, both of Norfolk, Va., and J. Lewis Thomas, of Portsmouth, Va. (Savage & Lawrence and Alfred Anderson, all of Norfolk, Va., on the brief), for appellants.

H. H. Rumble, of Norfolk, Va. (R. Triplett, of Portsmouth, Va., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PARKER, Circuit Judge.

These are appeals from judgments in favor of the receiver of the First National Bank of Portsmouth, Va., in actions instituted by him to recover on stock assessments made by the Comptroller of the Currency against the stockholders of that bank. All of these actions except three, Nos. 3771, 3774, and 3775, were instituted by notice of motion for judgment pursuant to the Virginia statute, Code of 1930, § 6046; and in each of them a plea in abatement was filed on the ground that the notice of motion did not conform to section 911 of the Revised Statutes (28 USCA § 721) requiring that "all writs and processes issuing from the courts of the United States" shall be under the seal of the court from which they issue, bear teste of the judge, and be signed by the clerk. In No. 3772 the additional point was raised, by motion to dismiss, that the notice of motion had not been properly served upon the defendant. Nos. 3771, 3774, and 3775 were actions of debt, in each of which a demurrer was filed on the ground that debt would not lie to recover in such case. On the trial there was a motion by the defendant in each case for a directed verdict, on the ground that plaintiff had not proven nonpayment of the stock assessments, or that the defendants owned the stock on which assessments were laid, or were the same persons shown in the books as owners of the stock.

The appeals in the various cases present the following questions for our consideration: (1) Whether action can be commenced in the federal courts in Virginia by notice of motion under the Virginia statute without compliance with section 911 of the Revised Statutes (28 USCA § 721); (2) whether service of notice of motion in accordance with the provisions of the Virginia statute is sufficient service to give a federal court in Virginia jurisdiction of the parties in an action so commenced; (3) whether debt is an appropriate form of action for the recovery of a stock assessment; and (4) whether the defendants were entitled to a directed verdict upon any of the grounds mentioned. We think that all of these questions must be answered in favor of the receiver.

On the first question, it is clear that, as the commencement of an action is a matter of procedure, it is governed by the state practice. 28 USCA § 724; Burns Mortgage Co. v. Fried, 292 U. S. 487, 54 S. Ct. 813, 79 L. Ed. 1380, 92 A. L. R. 1193. And here the practice prescribed by the state statute was clearly followed in all of the cases. It is argued that section 911 of the Revised Statutes (28 USCA § 721), which requires all writs and processes issuing from the courts of the United States to be under the seal of the court and to be signed by the clerk, is applicable to the notice of motion under the statute of Virginia; but the answer to this is that the notice of motion is not a writ or process issuing from the court. The notice takes the place of the writ and declaration under the Virginia practice. Virginia Hot Springs Co. v. Schreck, 131 Va. 581, 109 S. E. 595; Security Loan & Trust Co. v. Fields, 110 Va. 827, 67 S. E. 342; Morotock Ins. Co. v. Pankey, 91 Va. 259, 21 S. E. 487. But it is not process emanating from a court and subject to the restrictive provisions relating to such process. Wood v. Kane, 143 Va. 281, 129 S. E. 327, 329; Kain v. Ashworth, 119 Va. 605, 89 S. E. 857. As said in Wood v. Kane, supra: "A process emanates from a court, and under the provisions of section 6055 is usually directed to the sheriff of the county, while a notice, which takes the place of the writ and declaration, is directed to the defendants named therein, and has its emanation in the act of the plaintiff in sending it forth, and may be served by a layman."

The state of Virginia has seen fit to provide that, in lieu of the procedure followed in actions at law, a party entitled to maintain such action may proceed by motion before any court which would have jurisdiction of the action, upon giving 15

days' notice of the motion to the party against whom relief is asked. Code of Va. of 1930, § 6046. There is no reason why the state may not provide for action by the court upon notice of this character; for it is well settled that due process does not require any particular form or method of procedure. It is sufficient if reasonable notice and reasonable opportunity to be heard and to present any claim or defense are afforded; due regard being had to the nature of the proceeding and the character of rights which may be affected by it. State of Missouri ex rel. Hurwitz v. North, 271 U. S. 40, 46 S. Ct. 384, 70 L. Ed. 82; Iowa Central R. Co. v. State of Iowa, 160 U. S. 389, 16 S. Ct. 344, 40 L. Ed. 467. And it would largely defeat the purposes of the Uniformity Act if the courts should hold the procedure under the notice of motion statute inapplicable to actions in the federal court. Letters of the clerk and deputy clerks of the District Court for the Eastern District of Virginia, appended to the brief of appellee, show that 95 per cent. of the common-law actions instituted in Richmond in recent years, 33⅓ per cent. of those instituted at Norfolk, and 14 per cent. of those instituted at Alexandria, have been commenced by notice of motion. "The object of the statute was to simplify and shorten pleadings and other proceedings, to afford a more speedy remedy for the enforcement of contracts, and give suitors a plain and summary proceeding for the recovery of judgments." Burk's Pleading & Practice (2d Ed.) 222. The members of the bar have made wide use of the practice which it prescribes, and there is no reason why it should not be followed in the federal courts in accordance with the mandate of the Conformity Act.

The late Judge McDowell went into this matter very fully in Leas & McVitty v. Merriman (C. C.) 132 F. 510, holding that the state practice established by the notice of motion of judgment statute should be followed under the Conformity Act and that section 911 of the Revised Statutes (28 USCA § 721) was not applicable. The opinion in this case fixed the practice which has been followed in the federal courts of Virginia for more than 30 years; and we need do no more than refer to the opinion as a clear exposition of the law applicable in the premises. It has been followed by Judge McDowell in Schofield v. Palmer (C. C.) 134 F. 754, and by Judge (later Mr. Justice) Sanford in In re Condemnation Suits by United States (D. C.)

234 F. 443, 448, and cited with approval by the Circuit Court of Appeals of the Ninth Circuit in Perris Irr. Dist. v. Turnbull, 215 F. 562, 564. In the Condemnation Suits Case in 234 F. 443, 445, Judge Sanford was dealing with proceedings in condemnation in which the owners of land were brought before the court by service of notice, and by publication as to nonresidents, as allowed by the statutes of Tennessee. It was objected that, because of the requirement of section 911 of the Revised Statutes (28 USCA § 721), the proceeding should have been commenced by summons issued under the seal of the court and signed by the clerk. In upholding the proceedings under the Tennessee statute and holding that section 911 had no application, Judge Sanford said:

"I think it entirely clear, both upon principle and under the authorities, that in any original suit in a Federal court which must be commenced by a summons or other process of the court itself, such process must be signed by the clerk and issued under the seal of the court, to be valid, regardless of any different provision as to the form of a summons in the State courts, the general conformity statute not operating to waive this specific requirement as to the process in the Federal courts embodied in section 911 of the Revised Statutes [28 USCA § 721]. Martin v. Criscuola, 10 Blatchf. 211, 16 Fed. Cas. 892 [No. 9,159]; Peaslee v. Haberstro, 15 Blatchf. 472, 19 Fed. Cas. 71 [No. 10,884]; Dwight v. Merritt (C. C.) 4 F. 614, 615; Middleton Paper Co. v. Paper Co. (C. C.) 19 F. 252, 253.

"After careful consideration, however, I conclude that the provisions of section 911 only apply to writs and process issuing from the courts themselves, and not to notices given by the parties, which are not process of the court and not embraced within its terms, and hence that in any proceeding which may properly be instituted and proceeded with upon mere notice to the parties in interest, without process from the court itself, the requirements of section 911 have no application."

It is argued, however, that, since the decision in Leas & McVitty v. Merriman, the practice has been changed by the adoption by the District Court for the Eastern District of Virginia of rule 14, which is as follows: "The rules of practice and pleading and the forms and modes of proceeding, including the laws relating to judgments, attachments and executions pre-

scribed by the Code of Virginia for the government of the common-law courts of the State, and the acts passed or to be passed amendatory thereto or any rules of practice made by authority thereof, shall govern this court on the common law side, except where they conflict with the Constitution or laws of the United States. This shall include motions, provided they conform to section 911, United States Revised Statutes, and supplementary proceedings, which latter may be had before a United States Commissioner."

It is difficult to see how a notice of motion for judgment under the Virginia statute could possibly be made to conform to section 911 of the Revised Statute. The Virginia statute provides that the notice of motion for judgment shall be "signed by the plaintiff or his attorney," and need not be returned into the clerk's office until 5 days after service. Code, § 6046. Section 911 of the Revised Statutes (28 USCA § 721), on the other hand, requires that writs and other process shall be under the seal of the court, shall be signed by the clerk, and bear the teste of the judge. Manifestly the seal of the court, the teste of the judge, and the signature of the clerk have no place on a notice signed by a party or his attorney; and the effect of the rule is to require that all actions be instituted by process issuing from the court instead of by notice signed by a party or his attorney and filed with the court after service, as allowed by the state statute. Even if the rule be interpreted merely as adding an additional requirement to the practice prescribed by the state statute, it results in an unreasonable departure from the state practice, and is void for that reason under the Conformity Act (28 USCA § 724) which provides: "The practice, pleadings, and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the district courts, shall conform, as near as may be, to the practice, pleadings, and forms and modes of proceeding existing at the time in like causes in the courts of record of the State within which such district courts are held, *any rule of court to the contrary notwithstanding.*" (Italics ours.)

On the second point, which arises only with respect to case No. 3772, it appears that the deputy marshal served the notice of motion of judgment upon the defendant in that case by leaving a copy thereof at his residence with the colored servant who answered the door, and made return that he had left a copy at defendant's residence with his wife. More than 15 days before the return day, the attorney for defendant went to the deputy marshal and asked that he change the return to show delivery to the servant. Motion to dismiss was made on the ground that the notice of motion was not served upon defendant, but was denied on the ground that the notice had reached its destination within the time prescribed by law. This was clearly correct. The requirement of the statute is that notice of motion for judgment be served not less than 15 days before the date therein named upon which the motion will be made; and the fact that the attorney for defendant, more than 15 days before the return day, was requesting that the deputy marshal change his return, was sufficient proof that the notice had reached its destination within the time prescribed by law. Under the statute of Virginia, this was sufficient service. Code, § 6041. It is surprising, to say the least, that contention should be made to the contrary.

The third question arises in cases 3771, 3774, and 3775, which were instituted as common-law actions of debt, instead of under notice of motion. The point raised by the demurrer in these cases is that debt does not lie to recover the amount due under a stock assessment, on the theory that the liability of the stockholder is conditional. The answer to this is that, upon the assessment of liability by the Comptroller of the Currency, the liability ceases to be conditional and becomes absolute. Liberty Nat. Bank of South Carolina v. McIntosh (C. C. A. 4th) 16 F.(2d) 906, 909. And there can be no question but that debt was a proper form of action in which to enforce the liability. Mills v. Scott, 99 U. S. 25, 25 L. Ed. 294; Russell v. L. & N. R. Co., 93 Va. 322, 326, 25 S. E. 99; Burk's Pleading and Practice § 68, p. 79.

And on the fourth and last question we think that the motions for directed verdict were properly denied. The grounds require little discussion. It was not necessary to introduce proof showing that payment of the assessments had not been made, as the burden of pleading and proving payment rested upon the defendants. 21 R. C. L. 119; Code of Va. § 6144; Richmond, etc., R. Co. v. Johnson, 90 Va. 775; 20 S. E. 148. On the question of stock ownership, the books of the bank were prima facie correct. Finn v. Brown, 142 U. S. 56,

12 S. Ct. 136, 35 L. Ed. 936; Turnbull v. Payson, 95 U. S. 418, 24 L. Ed. 437; Williams v. Stone (C. C. A. 4th) 25 F.(2d) 831. And, of course, identity of person is presumed from identity of names. 19 R. C. L. 1332. As a matter of fact, the defendants have admitted that they were stockholders in a motion filed in the court below asking a stay of the proceedings against them; and they have failed to avail themselves of the offer of the judge below that he would set aside the verdict as to any defendant who would make affidavit that he was not a stockholder. Counsel for defendants quite frankly admit that their points are purely technical. We do not think, however, that there was even technical error in the proceedings below, and the judgments appealed from will accordingly be affirmed.

Affirmed.