# KING v. RUDOLPH.

EMINENT DOMAIN; NOTICE OF PUBLICATION; ASSESSMENT OF DAMAGES AND BENEFITS; CONSTITUTIONAL LAW.

1. The legal requirements of a notice by publication in a proceeding under the act of Congress of June 21, 1906 (34 Stat. at L. 384, chap 3505), to condemn land for street improvements, is to be determined by sec. 1608 of D. C. Code (33 Stat. at L. 733, chap. 734), and a clerical error in such a notice will not invalidate the proceeding, where the notice warns all persons having any interest in the proceeding to appear by a day certain, and specifically refers to the statute under which the proceeding is instituted.

2. Sec. 1608j. D. C. Code, providing that in the condemnation of land for alley and minor street improvements, the jury shall assess dam-

ages equal to the benefits, including the expenses of the proceeding, is constitutional.

No. 2129.   Submitted October 12, 1910.   Decided November 1, 1910.

HEARING on an appeal by one of the respondents, a property owner, from a judgment of the Supreme Court of the District of Columbia confirming an award of the jury assessing damages and benefits against his property in a proceeding to condemn land for alley and minor street improvements.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a judgment of the supreme court of the District of Columbia confirming an award of a jury assessing benefits against property of appellant, Charles W. King, in a proceeding for the establishment of a building line on Park Road, N. W., in this District.

The predecessors of appellees filed their petition in said proceeding under the provisions of the act of June 21st, 1906 (34 Stat. at L. 384, chap. 3505). In the notice and order of publication the purpose was stated to be "to assess the damages each owner of land to be taken may sustain by reason of the establishment of said uniform building line on the south side of Park Road, for which this proceeding has been instituted, and the condemnation of the land necessary for the purpose thereof, and to assess as benefits resulting therefrom the entire amount of said damages, including the expenses of these proceedings, upon the land in the square in which said building line is to be established in the square confronting said square as provided for in and by the aforesaid act of Congress." Notice was given to "all persons having any interest in these proceedings" to appear upon a day certain. Thereafter the proceeding regularly progressed until it resulted in an award by the jury of $7,821.89 damages for the land taken, and the assessment of $8,220, which included the amount awarded as damages and the costs of the proceed-

ing, as benefits. The amount was apportioned as the law required. Of this sum $300 was assessed against the property of appellant located within the area affected. The award of the jury contained this finding: "We hereby find that the several lots or parts of lots, pieces, or parcels of land mentioned in schedule No. 2 will be benefited to the extent of the respective amounts mentioned and set forth in said schedule No. 2, and we hereby assess against the said lots, pieces, or parcels of land, respectively, as and for benefits, as aforesaid, the several amounts specified, and set forth in said schedule No. 2." Said schedule No. 2 contained a description of the lots against which benefits were assessed, including, of course, the lot of the appellant.

*Mr. Jas. E. Padgett* for the appellant.

*Mr. Edward H. Thomas,* Corporation Counsel, and *Mr. James Francis Smith,* Assistant, for the appellees.

Mr. Justice ROBB delivered the opinion of the Court:

The first point relied upon by appellant relates to the sufficiency of his notice, and is based upon the highly technical contention that the purpose of the proceedings, as stated in said notice, was, in part, to assess benefits upon the land in the *"square"* confronting the square containing the land condemned, when in fact benefits were to be assessed against land in more than one square. This contention has no merit. The notice specifically referred to the statute under which the proceeding was instituted, and even if it had not, appellant was charged with knowledge of the law. Sec. 1608f of the Code [33 Stat. at L. 734, chap. 734] to which we must look to ascertain the requirements of a legal notice in this proceeding,*

---

*NOTE.—The act of June 21, 1906, provides that proceedings under it shall be had in accordance with the provisions of D. C. Code, relating to the opening of alleys and minor streets (secs. 1608 to 1608l), and that assessment for benefits shall be returned as provided for in sec. 1608j.—REPORTER.

provides that the court cause public notice to be given of such a proceeding by advertising, "which notice shall warn all persons having any interest in the proceedings." The section further provides that, in the discretion of the court, personal notice may be served upon such owners of the fee of the land to be condemned as may be found within the District. The notice given in this case warned all persons having any interest in the proceedings to appear upon a day certain. This notice was ample, and no exception can be taken by appellant to the obvious clerical error to which he has directed attention.

It is next urged that the statute under which this proceeding was instituted is unconstitutional. This assignment is easily disposed of, for the reason that a statute almost identical in its provisions was sustained by the Supreme Court of the United States in the *Martin Case,* 205 U. S. 135, 51 L. ed. 743, 27 Sup. Ct. Rep. 440. In that case the jury was required to appraise the damages to real estate and to *"apportion an amount equal to the amount of said damages* so ascertained and appraised as aforesaid," including the expenses of the proceeding, "according as each lot or part of lot of land in such square may be benefited," etc. The court ruled that the statute was susceptible of the interpretation "that in any event the apportionment is to be limited to the benefit." The statute in the present case, sec. 1608j of the Code, directs the jury to "assess as benefits accruing by reason of said opening, extension, widening, or straightening, an amount equal to the amount of damages," including the expense of the proceeding, "upon each lot or part of lot or parcel of land in the square or block in which such alley or minor street is to be opened, extended, widened, or straightened, and upon each lot, part of lot, or parcel of ground in the squares or blocks confronting the square in which such alley or minor street is to be opened, extended, widened, or straightened, which will be benefited by such opening, extension, widening, or straightening, in the proportion that said jury may find said lots, parts of lots, or

parcels of land will be benefited." This language is in effect identical with the language of the statute passed upon in the *Martin Case*. The assessment was set aside by the Supreme Court in that case because the court was satisfied that it had been made arbitrarily, and that it was in effect in excess of the actual benefits received. In this case, however, the jury have affirmatively found that the land against which this assessment was made will be benefited to the extent of the assessment. This finding clearly indicates that the trial justice correctly instructed the jury as to its duty in the premises, and that the assessment attacked is reasonable and fair.

Finding no error, the judgment is affirmed, with costs.

*Affirmed.*