HENRY BLEDSOE, Appellant, v. LEWIS M. STALLARD.

**Division Two, May 20, 1913.**

1. **DUE PROCESS OF LAW: Notice: By Publication: Public Road.** The two public notices required to be given by publication to land-owners whose lands may be damaged by a change in the grade of a public road, required by the Act of 1903, Laws 1903, p. 148, if given in the form and for the length of time designated therein, constitute due process of law, and the statute is not violative of the provisions for due process of law of either the State or Federal Constitution.

2. **DAMAGES TO ABUTTING PROPERTY: Rule: Uncertain Statute: Constitutional.** The just compensation required by the Constitution to be paid to land-owners whose property is damaged for a public use is the actual damage to such property, less the peculiar benefits which may accrue from the public use to which it is subjected, which benefits must be special to the property damaged and not common to other lands in the neighborhood; and that rule the General Assembly cannot vary, for it is the rule fixed by judicial construction of the Constitution. But where some of the language of the statute, such as

the statute of 1903 providing for the assessments of damages and benefits to abutting farm land caused by changing the grade of a public road, may be reasonably construed to mean that benefits common to other land should be considered in fixing the amount of damages to be assessed, but it also contains other words which fairly imply that the ·damages shall be the "just compensation" provided by the Constitution, the courts, following the settled law that a statute is not to be held unconstitutional unless it contravenes the organic law in such manner as to leave no doubt of its unconstitutionality, will not hold the statute invalid; but trial courts, in submitting to juries or commissioners the issue of damages, should keep in mind the measure of damages fixed by the Constitution, regardless of the phraseology of the statute under which the proceeding is brought.

3. ————: Public Road: Transferred to Circuit Court. The Act of 1903, Laws 1903, p. 148, providing for the assessment of damages to abutting land caused by a change of grade in a public road, is not unconstitutional because it provides for the institution in the county court of the proceeding to assess damages and then the transfer of the same to the circuit court for determination. That procedure does not deprive the land-owner of his day in court or tend to prevent him from obtaining a fair trial, or otherwise deprive him of his rights.

4. ————: ————: Power of County Court to Set Aside Award. Whether or not section 12 of the Act of 1903, authorizing the county court to set aside the award of damages fixed by the circuit court, is constitutional, will not be decided, where the county court has not attempted to disturb the award made by the circuit court, and the question is not in the case.

5. ————: Injunction Before Statute's Enactment: Eminent Domain. An injunction against the county and certain officers thereof obtained before the enactment of the Act of 1903 is no bar to future attempts to lower the grade of the public road in accordance with that statute. The State's power to take or damage an individual's property for a public use when necessary, cannot be forestalled by a prior injunction.

6. RES ADJUDICATA: Errors in Instructions to Commissioners: Former Appeal. After the proceeding to lower the grade of a public road along plaintiff's land had proceeded to judgment, resulting in awarding him damages, and he had appealed, and the appeal had been dismissed because not timely taken, he brought this injunction against the highway engineer to restrain him from lowering the grade of the road. Held, that he cannot now be heard to contend that the trial court erred in its instructions to the commissioners, appointed in the former

proceeding, regarding their duties in assessing plaintiff's damages, and in admitting improper evidence in that proceeding. Upon the dismissal of his appeal all errors in the former proceeding, if any there were, became a sealed book.

7. **OPENING PUBLIC ROAD: Mistake in Advertisement for Contract: Injunction.** A mistake made by the highway engineer in advertising the contract to grade the public road, according to the decree entered by the circuit court ordering the grading to be done, cannot afford a basis for enjoining him from doing the work. Such a mistake might concern the county, but it is not an error which the owner of land along the part of the road to be graded can contest by injunction.

Appeal from Buchanan Circuit Court.—*Hon. Lucian J. Eastin,* Judge.

AFFIRMED.

*James W. Boyd* for appellant.

(1) Private property cannot be taken or damaged for public use, without a literal compliance with the State Constitution, and all statutory requirements. Leslie v. St. Louis, 47 Mo. 474; Ells v. Railroad, 51 Mo. 200; Anderson v. Pemberton, 89 Mo. 61; Williams v. Kirby, 169 Mo. 628. (2) The county court never had any jurisdiction to make any order concerning the grading of Bledsoe Hill; 1, unless it complied with the requirements of the Act of March 26, 1903; 2, even had it complied with the requirements of said act it had been permanently enjoined from making any order in reference to the grading of said Bledsoe Hill. The temporary writ which was then made perpetual and absolute was to the effect that the defendants, be, and each of them are, enjoined and restrained from grading said road where said road runs on, along and adjoining plaintiff's premises until further order of said court. (3) There is no claim made by the respondent, nor can there be any made, that said county court on February 26, 1907, made any order which complied with said section 1 of said act.

The alleged order of said date does not pretend to fix any time or any extent or any dimensions. In order that the county court might assume jurisdiction, if we are to go by the statute, it is imperative upon it to fix the time, because the said section says that the court may make an order requiring a public highway to be graded at such time and to such extent as shall be provided by such order entered of record. No time was ever fixed. The county court had no right to make this order unless it had the right to repeal the said section. It could not acquire jurisdiction by ignoring the requirements of this section and it never did acquire jurisdiction because it did not comply with this section, or any part of this Act of March 26, 1903. Neither the circuit court, nor any other court could obtain any jurisdiction in regard to the attempt to grade Bledsoe Hill unless the county court in the first instance complied with the first section of said act. After its failure so to comply with the first section of said act, the county court had no jurisdiction, and no other court could have jurisdiction. (4) The said Act of March 26, 1903, was unconstitutional and never had any force or effect in this State. Constitution, art. 2, sec. 30, and art. 6, secs. 22 and 36; Hulett v. Railroad, 145 Mo. 25; State ex inf. v. Loan & Investment Assn., 142 Mo. 325; State ex inf. v. Kramer, 150 Mo. 89; Turner v. Gregory, 151 Mo. 105; In re Bledsoe Hill, 200 Mo. 630. (a) It undertakes to damage private property for public use without due process of law. The order of the county court which is intended to give the circuit court jurisdiction, was made without any notice; and no notice is by the act required to be served on the party whose land is to be damaged. (b) The act attempts to confer jurisdiction on the circuit court to try the case, and compels it, if the report of the commissioners is confirmed, to enter judgment against the county; and gives the county the right of appeal from this final

judgment. It then undertakes to give the county court the right to rescind the order—that is, to set aside the final judgment of the circuit court. Secs. 3, 9, 11 and 12. The Legislature has no power to authorize the county court to set aside a final judgment of the circuit court. The authority of the circuit court is fixed by the Constitution, art. 6, secs. 22-36. (c) This act fails to provide for any notice to the parties interested as to when and where they may submit proof to the commissioners. To proceed without notice, or to pass a law without a provision as to how or when a notice may be given, is to violate rights guaranteed by our Constitution. (d) The Constitution provides that private property shall not be taken for public use without "just compensation." "Just compensation" is not "compensation abated by the benefits common to the lands in the general community." Any abatement must arise only from benefits peculiar to the land damaged. Railroad v. Baker, 102 Mo. 553; Bennett v. Woody, 137 Mo. 377; Railroad v. Knapp-Stout & Co., 160 Mo. 396; St. Joseph v. Crowther, 142 Mo. 155. (5) The contention here is that the county court never had jurisdiction, the circuit court never had jurisdiction, no notice was ever given for the letting of the said contract to grade Bledsoe Hill, no contract was ever let legally for that purpose, no bond was ever given for grading Bledsoe Hill, and that the pretended effort to grade Bledsoe Hill was without authority of law, null and void and vicious as to said Henry Bledsoe.

*C. C. Ferrell* for respondent; *Duncan & Utz* of counsel.

The record in the cause in which appellant's damages for the proposed grading were assessed, shows that appellant had his day in court and contested every point he has sought to raise in this proceeding. That being true, the law is that the judgment rendered

by the court having jurisdiction of the parties and the subject-matter, unless reversed or annulled in some proper proceeding, is not open to contradiction or impeachment, in respect to its validity, verity, or binding effect, by the parties or privies in any collateral action or proceeding. 23 Cyc. 1055. This rule applies to collateral impeachment of judgments, decrees or orders made by courts of competent jurisdiction in all kinds of judicial proceedings, such as decrees in equity, judgment or decrees *in rem*, eminent domain proceedings, etc. Lovitt v. Russell, 138 Mo. 474; Ellis v. Railroad, 51 Mo. 203; Sedalia v. Railroad, 17 Mo. App. 105.

BROWN, P. J.—Injunction to restrain defendant from lowering the grade of a public road. From a final judgment for defendant, plaintiff appeals.

The plaintiff owns some farm lands in Buchanan county, Missouri, adjoining what is known as the Union Public Road. Plaintiff's dwelling house and other buildings are situated on a hill and he contends that if defendant is permitted to lower the grade of said road on said hill in front of plaintiff's buildings he will be irreparably injured.

In the year 1902 the proper authorities of Buchanan county undertook to lower the grade of the aforesaid public road in front of plaintiff's property, whereupon he instituted an action against Buchanan county and the judges of the county court and surveyor of said county, in which action he obtained a final judgment restraining the defendants in that action from lowering the grade of said public road in front of his property. This injunction seems to have been granted because, at that time, there was no statute in Missouri authorizing the taxation of consequential damages in favor of persons who might be injured by changing the grades of public roads in front of their lands. In the year 1903 the General Assembly en-

acted a law which provided a scheme for assessing against the counties the damages which may accrue to land-owners from changes in the grades of public roads. [Laws 1903, p. 148.]

After the enactment of this law, to-wit, on February 26, 1907, the county court of Buchanan county caused a proceeding to be instituted to assess the damages which would accrue to plaintiff by lowering the grade of said Union Public Road in front of his lands. Defendant appeared and, by appropriate pleadings and proceedings, resisted that action, alleging, among other defenses, that the Act of 1903 was unconstitutional. That case proceeded to final judgment and resulted in the damage to plaintiff Bledsoe's land being assessed at $500, from which judgment he (Bledsoe) attempted to appeal to this court, but his appeal was not taken within the time required by law and was dismissed, 222 Mo. 604, thereby leaving the judgment of the circuit court in full force.

The appellant (Bledsoe) refused to accept the $500 damages awarded to him, and on the 29th day of November, 1909, the defendant (Stallard), acting as highway engineer of Buchanan county, having advertised to let a contract for lowering the grade of the public road in front of plaintiff's property, he brought the present action of injunction, the chief object of which is to test the constitutionality of the Act of 1903, under which the damages were assessed.

In the present action the plaintiff (Bledsoe) challenges the constitutionality of the Act of 1903 on the same grounds which he unsuccessfully interposed in the proceeding to assess his damages, to-wit:

(1) That the Act of 1903 deprives plaintiff of his property without due process of law, contrary to section 30, article 2, of the Constitution of Missouri, and section 1 of the Fourteenth Amendment to the Constitution of the United States.

(2) That is violates section 21 of article 2 of the Constitution of Missouri, in that it prescribes a method whereby private property may be damaged without just compensation.

(3) That it violates sections 22 and 36 of article 6 of the Constitution of Missouri, in that it provides for instituting the proceeding to assess damages in the county court and then transferring the same to the circuit court. ·

(4) That it further violates sections 22 and 36 of article 6 of the Constitution of Missouri, in that it authorizes the county court to set aside the judgments of the circuit court in cases where the award of damages is unsatisfactory to the county court.

Respondent insists that all these constitutional questions having been interposed by plaintiff (Bledsoe) in the proceeding to lower the grade of the public road and assess the damages which will accrue to plaintiff from such change of grade, the judgment in said former proceeding is *res adjudicata* in this action.

Passing over, without deciding, this issue of *res adjudicata,* we will attend to the constitutional questions which plaintiff sought to raise in the former·proceeding. If the law be constitutional, then the former judgment must needs be a complete defense to the present action.

I. If the Act of 1903 provides for assessing the damages which property-owners will sustain by changing the grade of public roads in Due Process front of their property without giving of Law. them notice and an opportunity to be heard in their own behalf, then said act is clearly in violation of the due procees clause of both the State and Federal Constitutions.

250 Mo.—11

Section 2 of the Act of 1903 requires the county court, after making the order to grade a public road, to give notice of such proposed grading for four successive weeks by publication in some newspaper printed and published in the county.

Section 3 provides that after the publication of said notice the county clerk shall file, a certified copy of the order and proof of publication thereof with the circuit court.

Section 5 of said act provides that after the receipt of said copy of the order of the county court and proof of due publication thereof the circuit court, the clerk or judge thereof shall cause additional notice fixing the "day and place" where a hearing will be given to ascertain the damages which will accrue from such grading, which order of notice shall be directed "To all whom it may concern, without naming them," and be published once a week for four successive weeks, in some newspaper published in the county, the last insertion to be not more than one week before the day fixed for the hearing. In the meantime the county surveyor is required to prepare and file a correct description of the several tracts of private property abutting on the public road, with a profile of the public road proposed to be graded, which profile shall show the natural surface of said public road and the extent of the grading proposed to be done.

No authority is cited to indicate why the two notices provided for by this law are not in all respects sufficient to inform interested land-owners of contemplated changes of grade in public roads, and of the action to ascertain the damages which will accrue to them from such changes of grade in said roads.

Personal service is not necessary in proceedings to condemn land, or in proceedings which will place a burden of taxation thereon, and we are unable to understand why the publications required by the law

of 1903 are not entirely sufficient to inform a land-owner of the proceeding contemplated by that law.

In the recent case of State ex rel. Coleman v. Blair, 245 Mo. 680, this court, sitting in Banc, had occasion to review the due process of law clause of both our State and Federal Constitutions; and in that case we held that publication of notice of a proceeding to assess benefits against lands for drainage purposes published four weeks in a newspaper was due process of law within the purview of both the Constitution of Missouri and the Constitution of the United States.

To the same effect is Huling v. Kaw Valley Railway & Improvement Co., 130 U. S. 559, and Leigh v. Green, 193 U. S. 79. We have no hesitancy in saying that the two notices required to be published under the Act of 1903, supra, when sufficient in form to notify the land-owners of the particular public road which the county court is attempting to grade or cause to be graded, are due process of law to such land-owners.

II. The plaintiff strenuously insists that the aforesaid Act of 1903 violates section 21 of article 2 of the Constitution of Missouri, in that it provides a method whereby private property may be damaged without just compensation.

**Just Compensation.**

Section 7 of said act contains the following provisions relating to the measure of damages which land-owners should receive for changing the grade of public roads in front of their property:

"Sec. 7. The commissioners provided for in the preceding section shall be sworn to ascertain and report the actual damages or *just compensation* to be paid in each case separately under such instructions as shall, after hearing the parties, be given them by the judge or court. Parties interested may submit proof to the commissioners, and said commissioners shall examine, personally, each piece of property described on such map or plat, and all property claimed

to be damaged by such proposed grading. The commissioners shall ascertain and state in their report or verdict the amount of actual damages to each piece of private property that will be damaged by reason of the proposed grading, having due regard to, *and making just allowance for, all benefits to such piece of property, from such grading, and when the damages to any piece of property do not exceed the benefits thereto from the proposed grading, the commissioners shall not report any allowance of damage to such piece."*

It has long been the rule of this court that the *just compensation* required by the Constitution to be paid to land-owers whose property is damaged for public use is the actual damage to such property, less the benefits which may accrue from the public use to which it is subjected, which benefits must be special to the property damaged and not common to other lands in that neighborhood. [Smith v. City of St. Joseph, 122 Mo. 643; Cole v. St. Louis, 132 Mo. 633.] The foregoing is the rule for measuring damages fixed by a judicial construction of the Constitution of Missouri, and of course, the General Assembly cannot change that rule by statute, unless the Constitution be first amended.

If the Act of 1903 forbids the payment of just compensation for private property damaged for public use, then it is, of course, unconstitutional. Some of the language of said act, if standing alone, might reasonably be construed to mean that benefits common to other lands should be considered by the board of commissioners in fixing the amount of damages to be assessed, but it will be observed that the act also uses the same language as the Constitution, i. e., "just compensation," so that when all of said section, supra, is read together, there is some doubt as to just what classes of benefits said law intended should be taken into consideration. If it means the just compensation

prescribed by the Constitution, then the act is valid.

There is no better settled law in our State than the rule that courts will not hold a statute to be unconstitutional unless it contravenes the organic law in such a manner as to leave no doubt of its unconstitutionality. [State v. Layton, 160 Mo. 474; State ex rel. v. McIntosh, 205 Mo. 589; State ex rel. v. Fort, 210 Mo. 512, l. c. 526.]

It is the duty of the courts to read the Constitution into all statutes, and if this may be done without doing violence to the word or spirit of a statute, then such statute is not unconstitutional.

The law in judgment contains words which fairly imply that the damages for changing the grade of public roads shall be that "just compensation" prescribed by the Constitution. We, therefore, hold that it does not, in respect to such measure of damages, contravene the Constitution. Trial courts in submitting to juries or commissioners the issue of damages for injury to or the taking of private property for public use should always keep in mind the measure of damages fixed by the Constitution, and the rule announced by this court for ascertaining same, regardless of the phraseology of the statute under which the suit or other proceeding is brought.

III. It is further insisted that the Act of 1903 violates sections 22 and 36 of article 6 of the Missouri Constitution, in that it provides for initiating the proceeding to change the grade of public roads in the county courts, and then transferring said proceeding to the circuit court for final hearing and determination.

The matter of establishing and maintaining public roads in those counties not under township organization is, by our statutes, usually confided to county courts. Pursuant to the general policy of our statutes on that subject the Act of 1903 authorizes county courts to institute proceedings to change the grade of

public roads, and, having done so, in this case the county court of Buchanan county became, in a certain sense, the plaintiff in such proceeding.

There is no doubt that the General Assembly, for this reason, deemed it prudent to have such action finally heard and determined by the circuit court, which last named court would be less likely to have any personal interest in the result.

The procedure complained of does not deprive plaintiff of his day in court or tend to prevent him from obtaining a fair trial, or otherwise impair his rights. Therefore, this contention is ruled against him.

IV. Plaintiff asserts that the Act of 1903 further violates said sections 22 and 36 of article 6 of the Constitution of Missouri, in that section 12 of said act empowers county courts to set aside the award of damages fixed by the circuit court.

**Rescission of Judgment.**

This issue is not in this case, nor did it arise in the former case in which $500 was awarded to this plaintiff for injury to his lands by changing the grade of the Union Public Road. The county court has not attempted to disturb the award of damages to plaintiff, but, on the other hand, has tendered him his damages. It will be time enough to determine the constitutionality of said section 12, supra, when a case arises wherein its validity is properly called into question. However, the writer, speaking for himself, cannot understand how the alleged invalidity of section 12 of the Act of 1903 would impair the other provisions of said act, even if said section be unconstitutional, which we do not decide.

V. A further contention of plaintiff is that the injunction which he obtained against Buchanan coun-

**Eminent Domain.** ty and certain officers thereof before the law of 1903 was enacted, is a complete bar to all attempts to lower the grade of said road. This contention is wholly unsound.. The right to take or injure private property for public use is never transferred by the sovereign. In this country the State being the sovereign that right is reserved to the State. It is impossible for any individual so to barricade his title by injunction or otherwise as to fence out the State from taking or injuring his property when it becomes necessary to do so for a public use. [Tiedeman on Real Property (3 Ed.), sec. 525; 3 Washburn on Real Property (6 Ed.), sec. 1875.]

VI. It is further contended that in the former proceeding to lower the grade of said Union Public Road, and to assess the damages of **Res Adjudicata.** plaintiff Bledsoe therefor, the trial court erred in its instructions to the commissioners regarding their duties in ascertaining plaintiff's damages and in admitting improper evidence on the part of the plaintiff in that action..

All such matters were settled by the final judgment pleaded by the defendant in his answer in this cause. If plaintiff Bledsoe had perfected his appeal in the former case within the time required by law, said alleged errors could have been reviewed on that appeal, but upon the dismissal of the appeal, errors, if any, accruing during the trial of that action became a sealed book which cannot be opened in this action.

VII. A still further insistence relied upon by plaintiff is the alleged fact that defendant as such highway engineer has made a mistake in ad-**Letting Contract.** vertising the contract to grade the public road. If there be any such mistake in the notice it can afford no basis for enjoining defendant from lowering the grade of said road according to the decree entered by the circuit court.

The matter of letting the contract for the grading is not embraced within the provisions of the Act of 1903. · The defendant has the right to perform the physical work of lowering the grade of said public road in any lawful manner that he may desire. If defendant enters into an invalid contract with some one to do the grading, that fact might relieve the county of Buchanan from liability to pay for the work, but it is not an error which plaintiff can contest in this action.

The judgment of the trial court denying plaintiff's demand for a permanent injunction in this action is correct and the same is affirmed.

*Faris* and *Walker, JJ.*, concur.