**UNITED STATES v. WINN.**

Civ. No. 905.

United States District Court
W. D. South Carolina,
Greenwood Division.

March 18, 1949.

Oscar H. Doyle, U. S. Atty., and E. P. Riley, Asst. U. S. Atty., both of Greenville, S. C., for plaintiff.

Nicholson & Nicholson, of Greenwood, S. C., for defendant.

WYCHE, Chief Judge.

In this case the United States seeks judgment to enjoin the defendant J. E. Winn

from continuing his occupancy or use of a certain tract of land in Edgefield County, South Carolina, and from further trespass upon the same and to require him to vacate the said premises forthwith.

At the trial, after it appeared that the United States had acquired title to the land in question by condemnation proceedings instituted in the case of United States of America v. 2,260.8 acres of Land in Mc-Cormick and Edgefield Counties, South Carolina; Heirs of W. A. Reynolds, Deceased, et al., and after it was contended by the defendant that he was never personally served with copy of the notice of the condemnation proceedings instituted in the case, I reserved my decision upon the question of whether notice by publication in the newspapers, as shown by the record in the condemnation proceedings, was sufficient notice to the defendant to divest him of any title or interest he may have had in the property and so as to cause him to be bound by the judgment entered in such proceedings, and submitted to the jury the sole question as to whether or not the defendant was personally served with copy of notice of the condemnation proceedings instituted in the case. The return of a deputy United States marshal stated that he had been served personally; the jury found that he had not been so served.

The land in this case was acquired for a National Forest Reserve. The Legislature of South Carolina by the provisions of Section 2050, Code of Laws of South Carolina 1942, consented to the acquisition of lands in this State for such purposes by the United States by condemnation proceedings.

The petition in the condemnation proceedings in this controversy was filed under the provisions of 40 U.S.C.A. § 257, which authorizes the United States to acquire lands for public use by condemnation proceedings. 40 U.S.C.A. § 258, provides that the practice, pleadings, forms and modes of proceedings in condemnation proceedings to acquire lands for public uses of the United States shall conform as near as may be to the practice, pleadings, forms and proceedings existing at the time in like causes in the courts of record of the State within which such district court is held, any rule of the court to the contrary notwithstanding.

Section 2046, Code of Laws of South Carolina 1942, provides in part as follows: "Land for public use of United States.— Whenever it shall be made to appear to any one of the circuit courts of this State, upon the application of any authorized agent of the United States, that the said United States are desirous of purchasing any tract of land, and the right of way thereto, within the limits of this State, for the public uses of the said United States, and that the owner or owners of said lands are unknown, non-residents or minors, or from any other cause are incapable of making a perfect title to said lands; or in case the said owners, being residents and capable of conveying, shall, from disagreements in price, or any other cause whatever, refuse to convey the said lands to the United States, the presiding judge of the said court shall order *notice of said application to be published in some newspaper nearest to where the said lands lie, also in one newspaper published in the city of Columbia, once in each week for the space of three weeks, which notice shall contain a general description of the said lands, together with the names of the owners or supposed owners, and shall require all persons interested in the said lands to come forward, on a day to be specified in said notice, and file their objections, if any they should have, to the proposed purchase;* * * * In all cases of publication of notice under this section, the court shall require the same proof as in cases of publication of notice in civil cases." (Emphasis added.) This section does not require personal service of a copy of notice on the owner of the land or upon persons having or claiming an interest in the same.

█ An examination of the foregoing South Carolina statute and of the record of the proceedings wherein the land claimed by the defendant was acquired, convinces me that the provisions of the statute as to notice are adequate and that they were followed in the condemnation proceedings instituted for the acquisition of the lands in this case. It will be seen that the statute provides for publication

of notice in some newspaper nearest to where the lands lie and also in one newspaper published in the City of Columbia, once each week for a space of three weeks. The land in controversy in this case is situated in Edgefield County. The notice was published, as required by the statute, in The Columbia Record, Columbia, South Carolina, The McCormick Messenger, McCormick, South Carolina, and The Edgefield Advertiser, Edgefield, South Carolina, and contained the following description of the tract of land sought to be taken: "* * * No. 395c– *No. 395c–I,* situate, lying and being in Kibler Township, of Edgefield County, South Carolina, on the waters of Pike Branch and Cyper or Cypress Creek, tributaries of Turkey Creek, of Stevens' Creek and Savannah River, situate on the west side of the Old Five Notch Road (S. C. Highway No. 67), about 11 miles northwest of Edgefield, S. C., containing according to survey, one thousand seven hundred eleven and 7-10 (1,711.7) acres, *and nine and 2-10 (9.2) acres, more or less,* respectively, all of which said tracts are more particularly described in the petition herein, on file in the office of the Clerk of the United States District Court for the Western District of South Carolina, at Greenville, to which reference is invited for a more particular description thereof, *and known in this proceeding as the W. A. Reynolds Estate Tracts, and in which the following named persons, firms or corporations have, or claim to have, an interest, to wit:* Resident Defendants: * * *; J. E. Winn, adjoining land-owner, Rt. 2, McCormick, S. C.; * * *."

The notice listed the names of all persons known, or believed to own any part of the lands, or have any interest therein, or claim thereto, and recited all essential information necessary to attract the attention of all claimants to the land and inform them of the nature of the proceedings and of the lands involved therein. The small tract of land in this controversy designated as Tract No. 395c–I, containing 9.2 acres, was described in the notice as a separate tract of the W. A. Reynolds Estate because the defendant J. E. Winn, an

adjoining land-owner, had made a claim to it by right of adverse possession.

The defendant was present when the Surveyor for the United States surveyed the W. A. Reynolds tract and contended that the original line run by the Surveyor between his land and the Reynolds land was not correct. The Surveyor then ran the line as contended for by the defendant to designate his claim and later set off the small tract in dispute on the plat of the land as a separate tract.[1] The defendant was not described as an owner in the notice, because no deed could be found on record conveying the land to him, and because it was the petitioner's contention that the title to the land was in the W. A. Reynolds Estate.

The defendant and all other persons claiming an interest in the lands were notified and warned to appear "on the 4th day of June, at ten o'clock, a. m., at the United States District Court to be held at Anderson, South Carolina, and file objections," if any they had, to the proposed purchase of said lands, otherwise a judgment would be entered against them. The notice was dated April 21, 1942.

A condemnation proceeding is a proceeding in rem. United States v. Dunnington, 146 U.S. 338, 352, 13 S.Ct. 79, 36 L.Ed. 996; In re Condemnation Suits by United States, D.C., 234 F. 443, 445; Crane v. Elizabeth, 36 N.J.Eq. 339, 343; City of Cincinnati v. Smythe, 57 Ohio App. 70, 11 N.E.2d 274; Rudacille v. State Commission on Conservation, etc., 155 Va. 808, 156 S.E. 829; United States v. Boston Elevated Ry. Co., C.C., 176 F. 963, 970; Muskingum Watershed Conservancy Dist. v. Seibert, 57 Ohio App. 413, 418, 14 N.E.2d 425, 426. The only need for having any person a party to a condemnation proceeding is to give him notice and enable him to have a hearing on the disposition of the res before the court. Personal notice to the owner is not a constitutional prerequisite to the validity of condemnation proceedings but the Legislature may provide for constructive notice by publication. In re Condemnation Suits by United States, D.C., 234 F. 443, 445.

---

[1] The plat was attached to the petition for condemnation and was on file in the Clerk's office.

■ Condemnation proceedings result in "a taking, not of the rights of designated persons in the thing needed, but of the thing itself, with a general monition to all persons having claims in the thing." United States v. Dunnington, 146 U.S. 338, 352, 13 S.Ct. 79, 83, 36 L.Ed. 996. Persons are made parties to condemnation suits, not to confer jurisdiction upon the court to render a personal judgment, but to enable the condemnor to acquire the property free from all claims, legitimate or spurious. In re Condemnation Suits by United States, D.C., 234 F. 443, 445. The principle of res judicata will prevent subsequent litigation on questions of property interest which should have been raised in the condemnation suit. Because of the in rem nature of a condemnation, at least so far as notice is concerned, constructive notice is sufficient, Via v. State Commission on Conservation, etc., D.C., 9 F.Supp. 556, affirmed per curiam 296 U.S. 549, 56 S.Ct. 245, 80 L.Ed. 388; Gwinner v. Gary Connecting Rys. Co., 182 Ind. 553, 103 N.E. 794; Ridgely v. Mayor and City Council of Baltimore, 119 Md. 567, 87 A. 909; Appleton v. City of Newton, 178 Mass. 276, 59 N.E. 648; Bledsoe v. Stallard, 250 Mo. 154, 157 S.W. 77, even as to resident owners. Muskingum Watershed Conservancy Dist. v. Seibert, 57 Ohio App. 413, 418, 14 N.E.2d 425, 426; In re Condemnation Suits by United States, D.C., 234 F. 443, 445; Semble, King v. Rudolph, 35 App.D.C. 558.

■ The defendant admitted that he had read the notice published in the newspapers but did not read all the description of the land because he did not think it concerned him. If the defendant had read the entire description he could have readily seen that the petitioner was seeking to condemn the tract of land in dispute. Personal service of the notice upon the defendant was not necessary. The proceeding being in rem and one to acquire lands for the public use of the United States, notice by publication, under the South Carolina statute, was sufficient, and the notice as published in the newspapers, copies of which are found in the record in the condemnation proceedings, show that the provisions of the statute and the constitutional requirements of due process were fully complied with.

Via v. State Commission on Conservation, etc., D.C., 9 F.Supp. 556, affirmed 296 U.S. 549, 56 S.Ct. 245, 80 L.Ed. 388; Huling v. Kaw Valley Railway, 130 U.S. 559, 9 S.Ct. 603, 32 L.Ed. 1045.

For the foregoing reasons I must conclude that the notice given by publication in the newspapers was legally sufficient to bind the defendant to such proceedings and the decree rendered therein, and that any title which he may have had in the land by adverse possession, or otherwise, was at that time divested and the Government acquired all interest in said land by virtue of such proceedings.

It appears, therefore, that the defendant is a trespasser upon the said tract of land and it follows that judgment should be entered to enjoin the defendant from continuing his occupancy or use of said land, and from further trespass upon the same, and that the defendant be ordered to vacate the said premises forthwith.

An order for judgment may be presented accordingly.