# FUENTES    ET    AL., Plffs.,

### *v.*

# JOAQUIN SANTOS MALDONADO ET AL., Dfts.

San Juan, Law, No. 894.

ON MOTION TO QUASH SUMMONS.

Conformity of Practice—Revised Statutes, § 914.

1. The conformity statute, Revised Statutes, § 914, does not require literal conformity of Federal courts to local procedure. The conformity required is "as near as may be," and is enforced through rules and otherwise at the discretion of the courts.

Same—Names of Parties.

2. The Porto Rican Code of Civil Procedure, § 89, requires that the summons shall contain the names of all the parties, but where, as provided by § 92, a copy of the complaint containing these names is served with the summons, the names of the parties need not appear in the summons itself.

Practice—Summons Directed to Marshal.

3. The fact that the summons is not directed to the defendant as required by § 89 of the local Code of Civil Procedure, but to the marshal, is not material if actually served on the defendant and notifies him of court, term, time, and place of appearance. It is not a jurisdictional requirement that the process be directed to the defendant rather than to the marshal when the marshal must serve it upon the defendant.

Summons—Necessary Averment.

4. Omission in the summons, that, unless the defendant appears, the plaintiff will take judgment or apply to the court for specific relief, is one of form, and not of substance.

Practice—Amendment.

5. Where defendants have been before the court in several applications, amendable irregularities will be considered as amended.

Opinion filed May 15, 1914.

Fuentes v. Maldonado.

*Mr. H. H. Scoville* for motion.

*Mr. E. B. Wilcox* for plaintiff.

HAMILTON, Judge, delivered the following opinion:

The original defendant was served with a summons and complaint, and a judgment by default was entered and writ executed. It was made to appear, however, that the writ of inquiry had been executed after his death, and on application of his heirs the verdict was set aside. The case now comes on to be heard upon their application to quash the summons on several grounds.

1. The contention is urged that under Revised Statutes, § 914, Comp. Stat. 1913, § 1537, what is commonly called the conformity statute, the practice of this court should conform to the local procedure. This, however, is not correct. In the first place, the requirement is that the practice shall so conform "as near as may be," and this has been construed by the Supreme Court as meaning that, while it was the intention of the statute to bring about a general uniformity in general and state proceedings in civil cases, nevertheless this should be attained through exercise of the discretion of Federal courts in the form of rules adopted from time to time. Shepard v. Adams, 168 U. S. 618, 42 L. ed. 602, 18 Sup. Ct. Rep. 214. A literal conformity, therefore, to the local practice, is not required, nor has it been the custom.

2. The first objection urged is that the summons does not contain the names of all the parties, as required by § 89 of the Code of Civil Procedure of Porto Rico. The local Code

§ 92, requires that "a copy of the complaint must be served with the summons," and the return of the marshal in this case shows that this was done. The complaint shows the names of all parties, and it is not clear, therefore, that the defect alleged, if it be a defect, could at all prejudice the defendants.

3. It is also urged that the summons is not directed to the defendant, as required by § 89 of the local Code of Civil Procedure. In point of fact, the wording of the summons shows that it is a mandate of the President of the United States to the marshal of this district, as is usual in Federal practice. There the writ is directed to the marshal and he serves a copy of the writ and of the summons on the defendant. This was done in the case at bar. A summons duly served on a defendant, which notifies him of the court, term, time, and place where he must appear and answer, would seem to possess the essentials of such process, and these essentials seem to be presented in the procedure in this case. It would not seem to be jurisdictional that the process should be directed to the defendant rather than to the marshal, when the marshal must serve it upon the defendant in any event, and did so in the present case. It issued from the proper court, was served by the proper officer, and gave the defendant proper notice of the suit pending.

4. Stress is also laid upon the fact that the summons omits the provision prescribed in the Code of Civil Procedure, that, unless defendant appears, the plaintiff will take judgment or apply to the court for specific relief, as the case may be. This point came up in the case of Ammons v. Brunswick-Balke Collender Co. 72 C. C. A. 614, 141 Fed. 570, and it was there

Fuentes v. Maldonado.

expressly held that such an omission is one of form, and not of substance, and does not make the process fatally defective.

5. These defendants have been before the court in several applications, and it would seem to be too late for them to raise any question of irregularity. The defects alleged in this motion to quash are at worst amendable, and do not go to the jurisdiction. For the purposes of the present case they will, after this length of time, be considered as amended. United States v. Turner, 50 Fed. 734.

It follows that the motion must be denied, and it is so ordered.